IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rita King, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 13-cv- |
| -vs- | ) |
| | ) |
| Commander Glenn Evans and | ) (Jury Demand) |
| the City of Chicago, | ) |
| | ) |
| *Defendants.* | ) |

# Complaint

Plaintiff files this Complaint and, by counsel, alleges as follows:

1. This is a civil action arising under the Fourth and Fourteenth Amendments to the United States Constitution and under Title 42 U.S.C. § § 1983 and 1988. The jurisdiction of this Court is conferred under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Plaintiff Rita King is a resident and citizen of the state of Illinois.

3. At all times relevant to the matters set forth in this Complaint, defendant Glenn Evans was employed as a supervisor with the Chicago Police Department. Defendant acted within the scope of employment and under color of law.

4. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the state of Illinois.

1

5. On April 10, 2011, Chicago police officers were called to plaintiff's residence due to a domestic disturbance. An unknown female police officer approached plaintiff with a taser drawn; ordered her to extinguish her cigarette; handcuffed; and transported plaintiff to the 6th District with an unknown male officer.

6. At the police station, plaintiff was escorted to a processing room where she was handcuffed to a table and questioned.

7. Sometime later, an unknown police officer attempted to fingerprint plaintiff. Plaintiff refused to be fingerprinted and asked the police officer why she was under arrest. The police officer responded saying "we know somebody who can get your fingerprints."

8. Defendant Evans then entered the processing room and ordered a number of officers to restrain plaintiff. Defendant Evans proceeded to violently press his fist into plaintiff's nose for approximately 3 to 5 minutes saying, numerous times, that he was going to "push [her] nose through [her] brain." Plaintiff experienced excruciating pain; profusely bled; and feared for her life.

9. Plaintiff was then fingerprinted; placed in an interrogation room for 15 to 20 minutes; and was released by the unknown female police officer.

10. Plaintiff left the police station; walked approximately one block; and lost consciousness for approximately 15 to 30 minutes. Plaintiff

eventually regained consciousness and called a friend to transport her to a hospital for medical care.

11. On April 11, plaintiff complained to the Office of Professional Standards (OPS) regarding defendant Evans' misconduct. Plaintiff made a statement; had her facial injuries photographed by an investigator; and requested defendant to be reprimanded. Plaintiff was never informed of the findings of the OPS investigation. On information and belief, defendant Evans was not disciplined.

12. On April 12, plaintiff was treated at Roseland Hospital for a facial fracture.

13. The City is aware of defendant Evans' long history of citizen complaints regarding excessive force; has been investigated numerous times by OPS; but nonetheless enjoys a decorated career as a police officer.

14. Defendant Evans has been named a defendant in at least five other lawsuits pursuant to his role as a Chicago police office, including, but not limited to: *Simmons v. City of Chicago,* 08 C 2769 (excessive force to a city of Chicago Water Department employee attempting to provide Evans with notice of overdue water bill) and *Simmons v. Officer E.O. Nwagwu et. al.* 08 C 3146 (defendant Evans allegedly punched and proceeded to Taser plaintiff's groin area in a police interrogation room).

3

15. In August 2012, defendant Evans was promoted by Superintendent McCarthy to Commander of the 3rd District. At the time Superintendent McCarthy appointed defendant to this position, he knew of should have known of the numerous citizen complaints of excessive force against defendant Evans.

16. The city of Chicago has a widespread practice of failing to discipline and/or punish police officers for the use of excessive force. This *de facto* policy encourages Chicago police officers to engage in misconduct with impunity and without fear of official consequences.

17. Moreover, the City has a well-settled, widespread "code of silence" that exists within the Chicago Police Department whereby officers conceal each other's misconduct in contravention of their sworn duties. This *de facto* policy and code of silence is evidenced and caused by the Chicago Police Department's failure to; (1) sufficiently investigate allegations of police misconduct; (2) accept citizen complaints against police officers; (3) promptly interview suspected officers or take witness statements and preserve evidence; and (4) properly and sufficiently discipline officers. This *de facto* policy encourages Chicago police officers to engage in misconduct with impunity and without fear of official consequences.

18. Defendant Evans' use of force was excessive and unreasonable. The above described wrongdoing was objectively unreasonable and

4

was undertaken intentionally with willful indifference to plaintiff's constitutional rights.

19. After being beaten by defendant Evans, plaintiff repeatedly requested medical attention. Despite having actual knowledge of her serious medical condition, defendant Evans failed to provide plaintiff with medical attention. In this manner, the conduct of defendant Evans was objectively unreasonable and deliberately indifferent to plaintiff's objectively serious medical needs.

20. Defendants above described wrongdoing caused plaintiff to incur physical injuries and subjects her to emotional distress and anguish.

21. As a result of the foregoing, plaintiff has been deprived of her rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

22. Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that she receive appropriate compensatory damages as well as punitive damages against the individual defendant. Plaintiff also requests that the costs of this action, including attorneys' fees, be taxed against defendants.

Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>

Patrick W. Morrissey
ARDC 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)233-7900


*Attorneys for plaintiff*