FILED
12/15/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rita King, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 13-cv-1937 |
| -*vs*- | ) | |
| | ) | *(Judge Bucklo)* |
| | ) | |
| | ) | *(Magistrate Judge Gilbert)* |
| Commander Glenn Evans, Officer D.T. Clifford, Officer R.A. Sutton, Officer K.L. Rodgers, Officer Wilfredo Lapitan, Detective Lloyd Gray, Officer Connie Dixon, and the City of Chicago, | ) | |
| | ) | |
| *Defendants.* | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff, pursuant to leave of Court, alleges the following:

1. This is a civil action arising under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § § 1983 and 1988. The jurisdiction of this Court is conferred under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Plaintiff Rita King is a resident and citizen of the state of Illinois.

3. At all times relevant, defendant Glenn Evans was employed as a lieutenant with the Chicago police department, acted within the scope of employment and under color of law. Evans is sued in his individual capacity.

4. At all times relevant, defendants Clifford, Sutton, Rogers, Lapitan, Gray, and Dixon (hereinafter the "individual defendants") were employed by the Chicago police department, acted within the scope of employment, and under color of law. Plaintiff sues each individually.

5. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the state of Illinois.

6. Plaintiff King was arrested by defendants Sutton and Clifford on April 10, 2011 and transferred to the 6th District police station.

7. After some time at the police station, plaintiff was escorted to a lockup by Sutton and Clifford.

8. In the lockup, defendant Rodgers attempted to fingerprint plaintiff. After plaintiff King objected, one of the individual defendants told plaintiff "we know somebody who can get your fingerprints."

9. One or more of the individual defendants summoned Evans to the lockup. Shortly after entering the lockup, Evans ordered some or all of the individual defendants to restrain plaintiff. Defendant Evans proceeded to violently press his fist into plaintiff's nose for several minutes saying he would push her nose through her brain.

10. The other individual defendants present in the lockup had the ability to intervene to prevent Evans and the other defendants from using excessive and unlawful force on plaintiff. None of the individual defendants, however, took appropriate action to protect plaintiff or document the use of force.

11. The following day plaintiff complained to the City's Independent Police Review Authority (hereinafter "IPRA").

12. In 2011, there was a widespread practice in the police department of the City of Chicago to support members of the department who engage in unlawful and excessive force.

13. As part of this widespread practice:

   a. Chicago Police officers who frequently receive citizen complaints, like Evans, remain employed with the department;

   b. Chicago Police officers, like Evans, are not disciplined or provided remedial supervision;

   c. Subordinates within the department are aware supervisors, like Evans, are not disciplined for the use of excessive force;

   d. Chicago Police officers fail to document the application of force by department members;

   e. Chicago Police officers know IPRA fails to meaningfully investigate allegations of misconduct; and

   f. Certain police officers, like Evans, are routinely called on by members of the department to engage in unlawful force.

14. The motivating factor of this widespread practice was to permit members of the department to act with impunity.

15. The City applied the above described practice to plaintiff in April of 2011.

16. Following the application of unlawful force, plaintiff requested medical attention. Despite knowing of plaintiff's obvious injuries, defendant Evans and all or some of the individual defendants failed to facilitate medical care. This conduct was objectively unreasonable and deliberately indifferent to plaintiff's serious medical needs.

17. The above described wrongdoing caused plaintiff to incur physical and emotional injuries.

18. As a result of the foregoing, plaintiff has been deprived of her rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

19. Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that she receive appropriate compensatory damages as well as punitive damages against all individual defendants. Plaintiff also requests that the costs of this action, including attorneys' fees, be taxed against defendants.

/s/ <u>Patrick W. Morrissey</u>

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)233-7900
patrickmorrissey1920@gmail.com