IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rita King,

Plaintiff(s),

v.

Glenn Evans et al,

Defendant(s).

Case No. 13-cv-01937
Judge Jeffrey T. Gilbert

## ORDER

Plaintiff's Motion to Compel Interrogatory Answers [ECF No. 102] is granted. See Statement below for further details.

## STATEMENT

Plaintiff Rita King moves to compel Defendant Police Commander Glenn Evans to answer Plaintiff's Interrogatories Nos. 13 and 14. Those Interrogatories together seek to discover Defendant's net monthly income after deducting all of his living and other expenses. Plaintiff says she intends to offer this evidence at trial as relevant to whether the jury should assess punitive damages against Defendant if Plaintiff succeeds in establishing Defendant is liable to her. Plaintiff argues a jury is entitled to consider Defendant's financial situation in deciding whether to award punitive damages and how much to award.

Defendant does not dispute that the allegations in Plaintiff's operative amended complaint, if proven, could justify an award of punitive damages. Instead, Defendant argues that Plaintiff is not entitled to information about Defendant's financial condition because Defendant does not intend to offer "a financial condition defense" at trial. ECF No. 103 at 2. Presumably, Defendant means that he will not argue to the jury that his financial condition should dissuade the jury from assessing punitive damages against him or that his financial condition justifies a lower (or no) punitive damage award.

The Court agrees with Plaintiff that Defendant's financial condition could be relevant to a jury's determination of whether to award Plaintiff punitive damages and how much to award. That is true whether or not Defendant puts his financial condition in issue in defending against Plaintiff's punitive damages claim. A plaintiff seeking punitive damages often will want to present to a jury evidence of the defendant's financial circumstances to support an argument that the jury should fashion a punitive damage award that is meaningful in a particular case. Kemezy v. Peters, 79 F.3d 33, 36 (7th Cir. 1996). The Seventh Circuit Pattern Civil Jury Instructions permit a jury to consider information about a defendant's financial condition on the issue of punitive damages in appropriate cases. Pattern Instruction 7.24.

For these reasons, courts have allowed discovery, and ordered pretrial production, of information concerning a defendant's financial condition in cases where the plaintiff's allegations against a defendant reasonably could give rise to an award of punitive damages at trial.  See, e.g., Iosello v. Lawrence, 2014 WL 442609*2 (N.D. Ill. March 5, 2004).  The allegations in this case against Defendant Evans, if proven, reasonably could give rise to an award of punitive damages against him and in favor of Plaintiff.

It is Defendant's financial condition at the time of trial, however, that is relevant for Plaintiff's purposes.  If Defendant is worth a fortune today (and there is no allegation that he is) but he loses that fortune before trial, the fact that he once was a wealthy man but no longer can be characterized as such might not even be admissible at trial on the issue of punitive damages.  Or at least that might not be evidence Plaintiff would want to introduce.  No trial date has yet been set in this case.  Therefore, the Court grants Plaintiff's Motion to Compel and orders Defendant to provide the information sought in Plaintiff's Interrogatories Nos. 13 and 14 at least 90 days before trial is set to begin or on the same date the parties submit their Pretrial Order, whichever is earlier.  If the trial judge does not require submission of a pretrial order, then the information must be provided in any event 90 days before trial is set to commence.

Finally, neither party has addressed the time period for which Plaintiff seeks the information covered by Plaintiff's Interrogatories Nos. 13 and 14, that is the time period for which Plaintiff is seeking to discover Defendant's net monthly income after deduction of all expenses.  On their face, the Interrogatories literally seem to request the information for the month in which they are answered ("list your estimated living expenses;" "list your gross monthly income").  And it may be that is what Plaintiff is requesting.  The relevant time period may have been addressed in the precatory instructions for Plaintiff's Interrogatories, but the Court does not have those Interrogatories or instructions as served; it only has Defendant's answers and objections to them. ECF No. 102, Exhibit A.  Accordingly, the Court will address the time period for which Defendant must provide the information responsive to Plaintiff's Interrogatories Nos. 13 and 14, when and if that information eventually is provided in accordance with this Order, at the next status hearing in this case scheduled for March 12, 2015, at 10:45 a.m.

It is so ordered.

Date:  3/5/2015

Magistrate Judge Jeffrey T. Gilbert