IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rita King, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No: 13-cv-1937 |
| *-vs-* | ) | |
| | ) | *(Magistrate Judge Gilbert)* |
| Commander Glenn Evans, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR RECOMMENDATION TO THE
DISTRICT COURT FOR SANCTIONS
PURSUANT TO RULE 37(a)**

Plaintiff Rita King, by counsel, moves the Court for a recommendation to the District Court for sanction pursuant to Rule 37(a) for defendant Evans' untenable application of his Fifth Amendment during his March 16, 2015 deposition.

Grounds for this motion are as follows:

1.     Defendant Evans sat for a deposition on March 16, 2015. The deposition lasted about an hour and a half. During this examination, Evans only answered thirteen questions, four of which related to the ground rules for the deposition. Evans applied his Fifth Amendment privilege in response to 128 questions by plaintiff's counsel.[1]

---

[1] Following the deposition, an attorney for Evans represented a motion will be filed with the Court for the deposition transcript to be designated as confidential. Although counsel for plaintiff

2.     The blanket application of the Fifth Amendment to questions like "[w]hat high school did you graduate from," (Evans Dep. at 27), "[a]re you currently employed" (*id.* at 30), "[a]re you still a commander with the Chicago Police Department," (*id.* at 32), "[a]re you familiar with a form called a Tactical Response Report," (*id.* at 38),  "[w]here is the 6th Police District located in the city of Chicago," (*id.* at 42), "what is IPRA to your knowledge," (*id.* at 46-47), and "[d]o you agree that you have previously answered the complaint brought by Rita King," (*id.* at 49) is improper.

3.     Counsel for Evans neither moved to stay discovery nor requested a protective order to limit the scope of the disposition. The only request by Evans was to set a definite date for his deposition, (ecf # 69, motion), which was granted when the District Court set December 4, 2014 for his deposition. ECF # 80, Minute entry. This Court subsequently set March 16, 2015 as the date certain for Evans' deposition. ECF # 101, Minute entry.

4.     The Fifth Amendment privilege is significant and must be construed deferentially to the holder. *Hoffman v. U.S.*, 341 U.S. 479, 486 (1951). The privilege, however is not without limitation; "[t]o be privileged by the Fifth Amendment to refuse to answer a question, the answer one would give if one did answer it (and answer it truthfully) must have *some* tendency to subject the person being asked the question to criminal liability," *In re High Fructose Corn Syrup*

---

does not believe this testimony is confidential in nature in accordance with the Revised Agreed Confidentiality Order (ECF # 109), counsel for plaintiff, in an abundance of caution, will provide the Court with a copy of the transcript in a sealed envelope until further instructions.

*Antitrust Litig.,* 295 F.3d 651, 663-64 (7th Cir. 2002) (original emphasis). Stated differently, "this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer" and a witness "is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say – so does not of itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 486.

5.     The blanket exercise of the Fifth Amendment is inappropriate. *Medical Assurance Company, Inc. v. Weinberger*, 2012 WL 4050305 at * 6 (N.D.Ind. 2012) (Deguilio, J.) ("[t]he blanket claim of privilege, even over routine questions concerning his education and background, was clearly inappropriate absent justification to the Court."); *Matter of Bon Voyage Travel Agency, Inc.,* 449 F.Supp. 250, 253 (N.D.Ill. 1978) ("A blanket refusal to testify is unacceptable. A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well founded."); *Shakman v. Democratic Organization of Cook County*, 920 F.Supp.2d 881, 888 (Schenkier, M.J.) (Jan. 29, 2013) ("Courts have consistently rejected blanket claims of privilege.").

6.     Here, Evans invoked the Fifth Amendment in response to 128 questions. This application of the Fifth Amendment was inappropriate.

7.     A truthful answer to most questions would not be incriminating. For example, Evans refused to answer questions about his education (Evans Dep. at 27-28), various assignments as a member of the Chicago police department (*id.* at

13-17), whether he participated in answering plaintiff's interrogatories, (*id.* at 21-22), whether he recognized his signature, (*id.* at 22), answered plaintiff's complaint, (*id.* at 49), the responsibilities for members of the police department, (*id.* at 30, 32, 39-42), financial status, (*id.* at 32-33), and whether he was aware who is the superintendent of the Chicago police. (*Id.* at 30).

8.     As stated above, it is inexcusable for a deponent to refuse to answer routine background information. *Medical Assurance Company, Inc.,* 2012 WL 4050305 at * 6. Similarly, questions regarding policies and practices within the Chicago police department are not incriminating. *Shakman v. Democratic Organization of Cook County*, 920 F.Supp.2d 881, 889 (Schenkier, M.J.) (Jan. 29, 2013) ("These types of questions elicit responses regarding the policies and procedures of Cook County and do not appear on their face to delve into activities by Ms. Gershon that could expose her to criminal liability.").

9.     A truthful answer to some questions relating to Evans' interaction with plaintiff King on April 10, 2011 may be incriminating and the thus the exercise of the Fifth Amendment would generally be appropriate.[2] However, this privilege may be waived. *Shakman*, 920 F.Supp.2d 881, 293. ("A witness may

---

[2] Plaintiff agrees a truthful answer to the following answers may be incriminating:

Q:     "On April 10, 2011, did you give any verbal commands to Rita King?" (Evans Dep. at 26:8-9);

Q:     "Tell me what reasonable force you used against Rita King on April 10th, 2011 in order for her to submit to being fingerprinted and photographed in the lockup in the 6th District?" (*Id.* at 26:19-23);

Q.     "Did Rita King on April 10, 2011 strike you?" (*Id.* at 48:4-5); and

Q.     "Did Rita King ever kick you on April 10, 2011?" (*Id.* at 48:8-9)

waive her Fifth Amendment privilege by testifying: once a witness reveals an incriminating fact, she may not then invoke the privilege to avoid revealing the details.").

10.     Evans waived his Fifth Amendment privilege by answering the Amended Complaint and, as recently as February 20, 2015, the Second Amended Complaint. *See* ECF # 104, Defendants' Answers and Affirmative Defenses to Plaintiff's Second Amended Complaint. It is without dispute a defendant may raise the Fifth Amendment when answering a complaint. *United Auto. Ins. Co. V. Veluchamy*, 747 F.Supp.2d 1021, 1023 (Cole, M.J) (noting a proper vehicle for a defendant to raise a Fifth Amendment privilege is by asserting in the answer).

11.     Additionally, Evans answered plaintiff's interrogatories and never raised the Fifth Amendment. A copy of these interrogatory answers are attached to this motion as Exhibit 1. It was possible for Evans to raise this privilege in response to these interrogatories. *See Central States v. Carstensen Freight Lines, Inc.*, 1998 WL 413490 at *4 (Kocoras, J.) (Jul. 17, 1998) ("[T]he act of verifying interrogatories on behalf of the company is testimonial in nature and raises Fifth Amendment concerns.").

12.     "It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell v. U.S.*, 526 U.S. 314, 321 (1999). Evans, who at all times has been represented by counsel, took this approach by answering plaintiff's complaints and responding to interrogatories.

Therefore, he waived his Fifth Amendment privilege and may not refuse to answer questions in his deposition.

13.     As recently as a few weeks ago, the Court granted plaintiff's motion to compel interrogatory answers regarding Evans' financial condition. ECF # 115, Order. Counsel for Evans neither raised the Fifth Amendment in response to this discovery, (*see generally* exhibit 1, interrogatory answers), nor when responding to plaintiff's motion. ECF # 103, Defendant's Response. Evans, nevertheless, refused to answer any question regarding his financial status, an issue the Court previously ruled as discoverable. *See* Evans Dep. 32-33.

14.     Plaintiff is unable to prosecute her action against defendant Evans and is prejudiced significantly as a result of his disregard of the discovery process as explained more fully above.[3] This conduct is not substantially justified. *See* Fed.R.Civ.P. 37(a)(5).

15.     In accordance with the Seventh Circuit's guidance in *Egan v. Freedom Bank,* 659 F.3d 639, 644 (7th Cir. 2011), the Court has jurisdiction to recommend a sanctions disposition to the District Court.

_____

[3] Counsel for the City suggested Evans may waive the Fifth Amendment if this case reaches trial. *See* Evans Dep. at 51.

It is therefore respectfully requested that Evans be reproduced for a second deposition and that the Court recommend payment of expenses to the District Court for this discovery abuse. After entry of such recommendation, plaintiff respectfully requests two weeks to submit a petition outlining expenses associated with this motion.

Respectfully submitted,

/s/Patrick W. Morrissey

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)233-7900
Patrickmorrissey1920@gmail.com

## LOCAL RULE 37.2 CERTIFICATION

1.     Following the deposition of Glenn Evans, attorneys Thomas Morrissey, Carla Kupe-Arion, and Tiffany Harris discussed, on the record the application of the Fifth Amendment privilege.

2.     This conversation was transcribed as page 50-52 of Evans' deposition transcript.


/s/ Patrick W. Morrissey

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RITA KING,                          )
                                    )
                                    )    No.    13 C 1937
                 Plaintiff,         )
                                    )
         v.                         )    Judge Bucklo
                                    )
GLENN EVANS, et al.,                )
                                    )    Magistrate Judge Gilbert
                 Defendants.        )
                                    )

**DEFENDANT EVANS' ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Glenn Evans, through one of his attorneys, Brian F. Kolp, Assistant

Corporation Counsel, for his answers to Plaintiff's First Set of Interrogatories, states as follows:

1.  Identify by name and position the person answering these interrogatories.

    **ANSWER**: Defendant objects to this interrogatory, as it is not reasonably calculated to
    lead to the discovery of admissible evidence and seeks information protected by the
    attorney-client privilege. Subject to, and without waiving these objections, Defendant
    states that the answers to these interrogatories were provided by Defendant and prepared
    with the assistance of his attorneys.

2.  Describe with reasonable specificity the "verbal commands" given to plaintiff and
    referred to in paragraph 9 of defendants' answer (Document 30).

    **ANSWER**: Defendant states that he made numerous requests of Plaintiff to cooperate
    with the fingerprinting process so that she could be released from custody quickly.

3.  Describe with reasonable specificity how plaintiff "refused to comply" with the verbal
    commands referred to in paragraph 9 of defendants' answer (Document 30).

    **ANSWER**: Defendant states that Plaintiff sat down and refused to get up when
    requested, though she would occasionally standup and sit down of her own accord, but
    not so as to cooperate with the commands given to her.

4.  Describe with reasonable specificity the "reasonable degree of force" used by defendant
    Evans to control plaintiff referred to in paragraph 9 of defendants' answer (Document
    30).

**ANSWER**: Defendant states that he grasped Plaintiff by her arm and escorted her to the processing area. Plaintiff was spitting, speaking incoherently and refusing to allow herself to be photographed and fingerprinted. When she began spitting, Defendant grasped the side of Plaintiff's head and moved Plaintiff away from Defendant's person so as to avoid being spat at or on.

5. Describe your education, training and/or professional skill, and with respect to each educational institution, state:
   a. the name and address of each educational institution attended;
   b. the dates of attendance;
   c. the degrees, certificates, or diplomas issued by each institution; and
   d. whether you were ever subject to any disciplinary proceeding(s) at any of the institutions.

**ANSWER**: Defendant objects to this interrogatory, as it is overly broad, unduly burdensome, lacks foundation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant states that he has a master's degree in criminal justice.

6. Identify each occupation in chronological order for the past ten (10) years and, with respect to each employer, state:
   a. The name and address of each employer;
   b. The date of commencement and termination of such employment;
   c. The position(s) you held in each such employment;
   d. A general description of your job duties when you began and any subsequent change in job duties for each such employment;
   e. Whether a physical examination was required prior to employment, and if so, the place, date and person giving such examination;
   f. The name of your immediate foreman, supervisor or superior at each such place of employment;
   g. Whether you were ever subject to any disciplinary proceeding at each such employment; and
   h. The reason for your termination of each such employment.

**ANSWER**: Defendant objects to this interrogatory, as it is overly broad, unduly burdensome, lacks foundation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant states that for the past ten (10) years, he has been employed by the Chicago Police Department. Defendants' present rank and assignment is commander of the 3rd District. To the best of his present recollection, Defendant also worked as a security agent for Hartgrove Hospital in 2004. Defendant separated from this employment because of the time and distance required in travelling to/from work.

7. Have you ever been involved in any civil action, either as a defendant, respondent or plaintiff, in a court or administrative agency? If so, state:
   a. The date, court and docket number of each action filed;

2

    b.  The name of the parties involved and the attorneys representing each party;

    c.  The nature of each such action;

    d.  The disposition of each such action whether or not there was an appeal, and if so, the result thereof, including the name and citation of each case; and

    e.  The amount of any settlement or judgment obtained in each such case.

**ANSWER**: Defendant objects to this interrogatory, as it is overly broad, unduly burdensome, lacks foundation, seeks information equally available to Plaintiff as a matter of public record and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant states, on information and belief, that he has been named as a defendant, or was a plaintiff, in the following matters: *Logan v. Evans, et al.*, 97CV8816; *Jones v. Ector, et al.*, 98CV5576; *Randle v. Supt of Cty of Chgo, et al.*, 00CV299; *Hall v. Chgo, Cty of, et al.*, 00CV5490; *Simmons v. City of Chicago, et al.*, 08CV2769; *Richardson v. City of Chicago, et al.*, 08CV4824; *Evans v. Williams & Fudge, Inc.*, 08CV6919; *Misher v. Unknown Chicago Police Officers, et al.*, 10CV1753; *Byars v. Evans, et al.*, 13CV923.

8.  Are you presently, or were you ever married? If so, state the name and address of your spouse, as well as the date and place where your marriage took place. If you and your spouse are presently separated, please list your spouse's present address and date when the separation occurred or, if you or your spouse have filed for divorce or are divorced, the court and state where the divorce action is pending and date upon which the complaint for divorce was filed.

**ANSWER**: Defendant objects to this interrogatory, as it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving this objection, Defendant states that he is not presently married.

9.  Were any photographs, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits or any other representations, which are related to the allegations of the Complaint in this matter, made or taken? If so, state and identify: (i) the date(s) on which the photographs, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits or any other representations were made or taken; (ii) who made or took the photographs, tapes (video or audio), slides, movies, pictures, drawings, demonstrative exhibits or any other representations; and (iii) who now has custody of such photographs, tapes (video or audio), slides, movies, pictures, drawings, or other representations.

**ANSWER**: On information and belief, Defendant states that Plaintiff was photographed during the course of her arrest.

10.  Were you requested to provide any written or oral statement to the Independent Police Review Authority (or any City of Chicago agency) arising from the arrest and subsequent detention of plaintiff King on April 10, 2011.

**ANSWER**: Defendant states that he was requested to provide a statement to IPRA arising from the arrest and subsequent detention of Plaintiff on April 10, 2011.

11. While being considered for Commander, did you discuss with Superintendent McCarthy being named in lawsuits where you allegedly engaged in excessive force?

**ANSWER**: Defendant objects to this interrogatory, as it is vague, harassing and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant states that he did not have any such conversation.

12. Unless your answer to the preceding interrogatory is an unqualified "yes," do you contend that Superintendent McCarthy is unaware that you have been named in numerous citizen complaints pursuant to your duties as a police officer?

**ANSWER**: Defendant objects to this interrogatory, as it is vague, harassing, calls for speculation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Defendant states that he has no personal knowledge of what Superintendent McCarthy knows.

13. List your estimated living expenses in detail, including:
    a. Rent or house payments;
    b. Automotive payments;
    c. Credit card payments;
    d. Utilities;
    e. Food;
    f. Clothing;
    g. Laundry and cleaning;
    h. Transportation;
    i. Medical and dental care;
    j. Education;
    k. Insurance;
    l. Recreation;
    m. Union dues;
    n. Other expenses; and
    o. Your total monthly living expenses.

**ANSWER**: Defendant objects to this interrogatory, as he does not intend to offer evidence his financial condition as a defense to Plaintiff's claim for punitive damages.

14. List your gross monthly income that you receive. This includes, but in [sic] not limited to, income from employment, income from rental property, self employment [sic] income, and monthly income from any other source.

**ANSWER**: Defendant objects to this interrogatory, as he does not intend to offer evidence his financial condition as a defense to Plaintiff's claim for punitive damages.

4

15. Describe with reasonable specificity the investigation, if any, undertaken in response to plaintiff's interrogatory dated March 27, 2013 where plaintiff sought the following information:

> Identify any and all person(s) involved with the detention of Rita King at the 6[th] District on April 20, 2011, including but not limited to any person(s) involved in any search, photograph, fingerprinting, the approval of probable cause, and the preparation of any police record and describe the involvement of each identified person(s).

**ANSWER**: Defendant objects to this interrogatory, as it seeks information protected by the attorney-client and work-product privileges.

Respectfully submitted,

*/s/ Brian F. Kolp*
BRIAN F. KOLP
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0747 (P)
(312) 744-6566 (F)
Atty. No.: 6301807

5

## CERTIFICATE OF SERVICE

The undersigned attorney, being first duly sworn upon oath, deposes and states that a copy of the foregoing **Defendant Evans' Answers to Plaintiff's First Set of Interrogatories** was served upon the below-named via e-mail and U.S. Mail on December 11, 2013:

TO:    Thomas Morrissey (tgmlaw@ameritech.net)
           Patrick Morrissey (patrickmorrissey1920@gmail.com)
           10249 S. Western Ave.
           Chicago, Illinois 60643

_/s/ Brian F. Kolp_
BRIAN F. KOLP
Assistant Corporation Counsel

6

## ATTESTATION

I, Glenn Evans, being first duly sworn on oath, state that I have read the foregoing document, and the answers made herein are true, correct and complete to the best of my knowledge and belief.

_____
Glenn Evans

Signed and sworn to before me
on this_____day of December, 2013.

**OFFICIAL SEAL**
**GANIAT ABIOLA ALAKA**
**Notary Public – State of Illinois**
**My Commission Expires September 24, 2017**

_____
Notary Public