IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rita King,

Plaintiff,

v.

Glenn Evans et al

Defendants,

No. 13-cv-1937

Magistrate Judge
Jeffrey T. Gilbert

## ORDER

Status hearing held on 7/17/15. Defendant City of Chicago's Renewed Motion to Bifurcate Section 1983 Claims and to Stay Discovery and Trial on Those Claims 122 is denied for the reasons stated on the record and summarized in the Statement below. The Court's ruling on the record is expressly incorporated in this Order. Any motion for review of this ruling before the District Judge must be accompanied by a transcript of today's hearing. Plaintiff shall serve her Rule 30(b)(6) deposition notice concerning *Monell* issues by 7/31/15. A continued status hearing is set for 8/12/15 at 9:15 a.m. to establish dates for expert disclosures. Defendants disclosed their medical expert to Plaintiff yesterday and they will provide Plaintiff with the material noted on the record in 60 days or by 9/17/15. See Statement below for further details.

## STATEMENT

The basic underpinnings of the Court's decision not to bifurcate for trial Plaintiff's Section 1983 claims against the individual police officer Defendants and her *Monell* claim against Defendant City of Chicago are as follows:

(1) Additional fact discovery relevant only to the *Monell* claim is minimal. Plaintiff proposes to take one Rule 30(b)(6) deposition on her policy, custom and practice claim. Plaintiff's counsel represents that it may not have been necessary to notice a Rule 30(b)(6) deposition at all if Defendant Evans had not invoked his Fifth Amendment privilege in refusing to answer virtually every question put to him during his deposition. Even if Defendant City of Chicago needs to produce more than one Rule 30(b)(6) witness to comply with Plaintiff's Rule 30(b)(6) notice, however, that discovery will not be unduly burdensome. Further, the one expert witness on *Monell* issues that Plaintiff proposes will not overly complicate or delay discovery or preparation for trial.

Simply put, the spectre of much expanded discovery on a *Monell* claim that has led some courts to bifurcate individual liability claims and *Monell* claims does not exist in this case. The

additional *Monell* discovery that Plaintiff proposes to take here is not of a kind or nature that will unduly delay or complicate the preparation of this case for trial or dispositive motion practice. Other judges have authorized much more expansive discovery in denying motions to bifurcate. *See, e.g, Cadiz v. Kruger, 2007 WL 4293976\*4 (N.D. Ill. Nov. 29, 2007)*("we are not persuaded that the 12-13 witnesses who would speak to the *Monell* claim dramatically expands the scope of the case from what it otherwise would be.").

(2) Plaintiff's underlying Section 1983 claim against the individual police officer Defendants is straightforward, well-plead and very well may have merit if the allegations are proven to be true. She alleges that Defendant Evans, a police lieutenant at the time, was summoned to the police lockup when Plaintiff objected to being fingerprinted and "violently pressed his fist into plaintiff's nose for several minutes saying he would push her nose through her brain." Second Amended Complaint [ECF No. 95] at para. 9. Plaintiff further alleges that other individual Defendants specifically summoned Evans to the lockup saying "we know someone who can get your fingerprints." Id. at para. 8.

Plaintiff alleges a "widespread practice" in the Chicago Police Department to support members of the department who engage in unlawful and excessive use of force. Specifically, she alleges as follows in paragraph 13 of her Second Amended Complaint for *Monell* purposes:

> "a. Chicago Police officers who frequently receive citizen complaints, like Evans, remain employed with the department;
>
> b. Chicago Police officers, like Evans, are not disciplined or provided remedial supervision;
>
> c. Subordinates within the department are aware supervisors, like Evans, are not disciplined for the use of excessive force;
>
> d. Chicago Police officers fail to document the application of force by department members;
>
> e. Chicago Police officers know IPRA fails to meaningfully investigate allegations of misconduct; and
>
> f. Certain police officers, like Evans, are routinely called on by members of the department to engage in unlawful force."

Plaintiff proposes to attempt to prove her *Monell* claim largely through the testimony of witnesses who otherwise would testify in her case in chief against the individual Defendants. Therefore, in this case, judicial economy militates in favor of trying any individual and *Monell* claims that survive summary judgment together rather than separately. The judicial economy that other courts sometimes have cited as a reason to first try a plaintiff's individual claims and then, and only if plaintiff succeeds on those claims, to try the *Monell* claim does not exist in this case.

Defendant's citation to *Swanigan v. City of Chicago*, 775 F.3d 953, 962-63 (7*th* Cir. 2015), for the proposition that a court should stay a *Monell* claim that is not factually distinct from the individual claims misreads that case. Procedurally, the plaintiff's *Monell* claims in *Swanigan* were presented in a separate lawsuit before the same District Judge before whom the plaintiff's Section 1983 claims against individual officers were pending. The language Defendant cites from that case -- "district courts cannot prevent plaintiffs from pursuing potentially viable *Monell* claims that seek additional equitable relief or are distinct from the claims against individual defendants" -- is dicta in the appeals court opinion and, in any event, should be read in light of the procedural context of that case. *Id. at 963.* This Court does not interpret the Seventh Circuit's holding in that case, in which the court of appeals reversed the dismissal of a *Monell* claim, as establishing a bright line rule that only those *Monell* claims that are "distinct from the claims against individual defendants" can proceed to trial. In fact, the opposite should be true, and that is the case here.

(3) Although Defendant City of Chicago is willing to stipulate to judgment in the event Plaintiff succeeds on her claims against the individual officer Defendants, courts have recognized that there are other reasons that a civil rights plaintiff has for pursuing a *Monell* claim aside from the recovery of monetary damages. For example, a successful *Monell* action could have the benefit of deterring future official misconduct. That is a legitimate goal that a Section 1983 plaintiff may wish to pursue even if it results in an award of only nominal additional monetary damages. *Cadiz v. Kruger*, 2007 WL 4293976*9; *Medina v. City of Chicago*, 100 F.Supp.2d 893, 896 *(N.D. Ill. 2000)* ("[T]here are other, non-economic benefits that one can obtain from suing a municipality that are less likely when the plaintiff pursues (or is permitted to pursue) only the individual officer. Deterrence of future misconduct is a proper object of our system of tort liability.").

(4) Finally, Defendant City of Chicago argues that it would be unfairly prejudicial to the individual Defendants to try the *Monell* claims against the City with Plaintiff's individual Section 1983 claims against them. Any potential for unfair prejudice to individual officers from litigating the Monell claim with the individual claims – if there is any in this case – can be addressed adequately at trial as necessary through motions in limine and limiting instructions for the jury. In this case, the Court does not see the potential danger of unfair prejudice as being an absolute bar to trying the individual and *Monell* claims together.

Accordingly, for all of the reasons summarized herein, and the reasons stated on the record during today's hearing which are incorporated herein by this reference, Defendant City of Chicago's Renewed Motion to Bifurcate Section 1983 Claims and to Stay Discovery and Trial on Those Claims [ECF No. 122] is denied.

It is so ordered.

Date: 7/17/15

Magistrate Judge Jeffrey T. Gilbert