IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rita King, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13-cv-1937 |
| v. | ) |
| | ) Magistrate Judge |
| Glenn Evans et al, | ) Jeffrey T. Gilbert |
| | ) |
| Defendants, | ) |

## **ORDER**

Plaintiff's Motion for Recommendation to the District Court for Sanctions Pursuant to Rule 37(a) [118] is granted in part and denied in part. To the extent that Plaintiff requests a report and recommendation to the District Judge, the Motion is denied. As to the underlying relief requested in Plaintiff's Motion for Sanctions, the Motion is granted in part and denied in part without prejudice to further proceedings consistent with this Order. The Court finds that Defendant Evans did not waive his right to invoke the Fifth Amendment in response to questions put to him at his deposition when he responded to written discovery or answered Plaintiff's amended complaint before the record shows he was the target of a criminal investigation for using excessive force against an unrelated person in Cook County. The Court also finds that Evans did not waive his Fifth Amendment right when his lawyers filed an answer to Plaintiff's second amended complaint on his behalf, denying all of the substantive allegations in that pleading, after he had been indicted in Cook County. The Court has reviewed all of the questions listed in Plaintiff's Supplement [121] to her Motion for Sanctions [118] and finds, on this record, that Evans properly invoked his Fifth Amendment right not to answer the questions identified at the following deposition transcript pages and lines: 17:18-20, 17:23-24-18:1, 18:4-5, 18:7-9, 18:12-14, 18:17-20, 18:23-24-19:1, 19:4-7, 19:10-14, 19:17-20, 19:23-20:1, 20:10-12, 21:19-22, 22:1-4, 22:7-10, 25:12-16, 25:19-23, 26:2-5, 26:8-9, 29:4-6, 29:9-10, 29:19-22, 31:5-10, 32:13-15, 33:11-15, 37:4-5, 37:21-24, 44:9-12, 47:18-20, and 48:12-14. As to all of the other questions identified in Plaintiff's Supplement [121], Evans has not met his burden of showing that he properly invoked his Fifth Amendment right on this record. Accordingly, the Court orders Evans to sit for another deposition, if Plaintiff wants to re-depose him, at which he must answer those questions provided the parties follow the procedural guidelines discussed in the Statement below. The Court also awards Plaintiff the attorney's fees and expenses incurred in briefing her Motion [118] and Supplement [121] under Rule 37 of the Federal Rules of Civil Procedure. A status hearing is set for 9/30/15 at 10:00 a.m. See Statement below for further details.

# STATEMENT

## I.

As a threshold matter, the District Judge initially referred this matter for settlement on June 23, 2014. [ECF No. 60]. The referral was expanded on September 26, 2014, to include various discovery motions. [ECF No. 80]. Thereafter, in the context of settlement discussions, all discovery motions and any discovery issues raised informally have been resolved by this Magistrate Judge, at the behest of and without objection by the parties, though the District Judge's referral did not explicitly encompass all discovery motions. The District Judge subsequently expanded the referral to include general discovery supervision and all discovery motions nunc pro tunc to September 26, 2014. [ECF No. 134]. Accordingly, this Magistrate Judge can rule on Plaintiff's instant Motion [ECF No. 118] in the first instance without a report and recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

## II.

Defendant Glenn Evans was arrested in August 2014, and subsequently was indicted by a Cook County grand jury on charges arising from his conduct as a Chicago Police Officer in connection with the arrest of Ricky Williams. *See* Defendant's Response to Plaintiff's Motion for Sanctions [ECF No. 124], at 1. Mr. Williams is not a party to this case. In June 2013, well-before he was indicted in the Williams case, Evans answered Plaintiff's first amended complaint in this case, and he responded to written discovery in December 2013, again months before he was indicted in the State criminal case. Plaintiff provides no basis for the Court to conclude that Evans was aware of the possibility of criminal charges being filed against him when he responded to Plaintiff's amended complaint or when he answered written discovery in this case. Therefore, on this record, Evans did not waive his Fifth Amendment right by responding to Plaintiff's amended complaint or responding to discovery before he knew he was the target of a criminal investigation or before he was arrested and then indicted. *See In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651 (7th Cir. 2002) (holding that the Fifth Amendment may be invoked to refuse to answer a question if answering the question could subject an individual to criminal prosecution); *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (holding that the Fifth Amendment may be invoked only if an individual is subject to criminal prosecution and not merely because an individual declares he would incriminate himself).

Plaintiff also argues that Evans waived his Fifth Amendment privilege when he answered Plaintiff's second amended complaint on February 20, 2015, <u>after</u> the State criminal charges were filed. Evans' attorneys say they filed an answer to Plaintiff's second amended complaint on Evans' behalf to comply with the Court's order of February 6, 2015, that Evans should "file an answer or other responsive pleading to Plaintiff's Second Amended Complaint by 2/20/15." [ECF No. 101]. They raise the "penalty exception" to the waiver doctrine, arguing that no waiver flows from a person answering a complaint when under compulsion to do so, citing *United States v. Swanson*, 635 F.3d 995 (7th Cir. 2011), and *Minnesota v. Murphy*, 465 U.S. 420, 439 (1984).

That argument does not hold water, and the cited cases are completely off point. The Court did not order Evans to answer Plaintiff's second amended complaint without regard to any Fifth Amendment right he might enjoy. The Court simply set a date for Evans to file an answer or

other responsive pleading to a newly-filed amended complaint. He was under no compulsion to waive his Fifth Amendment right when responding to the second amended complaint, which distinguishes this case from the cases Evans relies upon. Evans could have invoked the Fifth Amendment in responding to Plaintiff's second amended complaint. Had he done so, his invocation of his Fifth Amendment right would have had the effect of a denial under Seventh Circuit law. *See National Acceptance Co. of America v. Bathalter*, 705 F.2d 924 (7th Cir. 1983); *United Auto Ins. v. Veluchamy*, 2010 WL 749980 (N.D. Ill. Mar. 4, 2010).

Evans' attorneys also argue Evans did not waive his Fifth Amendment right by answering Plaintiff's second amended complaint because, in filing an answer on Evans' behalf, they simply reasserted the same answers and defenses they had raised on Evans' behalf in his answer to Plaintiff's first amended complaint. But that is not true either. The second amended complaint is different is material respects from Plaintiff's first amended complaint, and Evans' response to the new allegations in the second amended complaint are new and had not been asserted previously.

The truth is that the attorneys for the police officer Defendants in this case filed one answer to Plaintiff's second amended complaint on behalf all of the individual police officer Defendants, including Evans. In that answer, Evans admitted a few precatory allegations – jurisdiction, Plaintiff's identity, Evans' own employment as a Chicago Police Lieutenant during the relevant time period, and that Plaintiff was arrested – but he then denied all of the other substantive allegations of Plaintiff's second amended complaint. Therefore, under *Bathalter*, the legal effect of Evans having filed an answer denying all of Plaintiff's substantive allegations and invoking his Fifth Amendment right not to answer those allegations, had he done the latter, is the same – the allegations are denied. To the extent Evans admitted certain precatory or preliminary allegations, those admissions in answer to Plaintiff's second amended complaint stand as admissions but, by their nature, they do not result in a waiver of any Fifth Amendment right Evans otherwise enjoys. (Although an invocation of his Fifth Amendment right in response to the allegations in the second amended complaint could have resulted in an adverse inference being drawn against Evans at trial with respect to those allegations as to which he invoked his Fifth Amendment right, that is not an issue raised by Plaintiff now or germane to Plaintiff's instant Motion.)

Under these circumstances, the Court is not prepared to hold that Evans waived his Fifth Amendment privilege when his lawyers filed an answer to Plaintiff's second amended complaint on his behalf after he was indicted in the Williams case. It is not clear from the record on the instant Motion whether Evans' lawyers consulted him or his criminal defense lawyer when they filed an omnibus answer on behalf of all the individual police officer Defendants in this case essentially denying all of Plaintiff's substantive allegations. Waiver is the "voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would have been enjoyed." *Pactiv Corp. v. Sanchez*, 2015 WL 4508667, at *5 (N.D. Ill. July 23, 2015) (citing *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 647 (7th Cir. 1993) (internal citation and quotation omitted)). On this record, Evans did not voluntarily and intentionally waive his Fifth Amendment right when his attorneys – perhaps without consulting him or his criminal defense lawyer – filed an answer to Plaintiff's second amended complaint denying all of the substantive allegations made against him. Waiver of Fifth Amendment rights

3

is "not to be lightly inferred," *Klein v. Harris*, 667 F.2d 274, 287 (2nd Cir. 1981), and "courts must 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Emspak v. United States.*, 349 U.S. 190, 198 (1955) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The presumption against waiver protects Evans in this case on this record.

III.

If Evans did not waive his Fifth Amendment right by filing an answer to Plaintiff's second amended complaint, Plaintiff argues that Evans was not justified in refusing to answer all of the questions he refused to answer on Fifth Amendment grounds during his deposition in this case in March 2015. Plaintiff appears to be correct. Evans' blanket invocation of his Fifth Amendment right in response to questions about his education and background, general police policies and procedures, and his financial condition does not appear to be well-founded as truthful answers to those questions would not appear to place him in criminal jeopardy. *See United States v. Longstreet*, 567 F.3d 911, 922 (7th Cir. 2009); *Shakman v. Democratic Organization of Cook County*, 920 F.Supp.2d 881, 889 (N.D. Ill. 2013); *Medical Assurance Co. Inc. v. Weinberger*, 2012 WL 4050305, at *6 (N.D. Ind. 2012).

Plaintiff listed all of the deposition questions she wants Evans to answer at pages 4 through 9 of her Supplement to her Motion. [ECF No. 121]. She did so at the Court's request after she filed her original Motion. [ECF No. 120]. Plaintiff's original Motion [ECF No. 118] did not specify the particular questions as to which Plaintiff claimed Evans improperly invoked the Fifth Amendment. The Court cannot see how truthful answers to many of the questions listed in Plaintiff's Supplement would have any tendency to subject Evans to criminal jeopardy. The Court's analysis is hampered significantly, however, by Evans' complete failure to provide any justification for his refusal to answer the specific questions highlighted in Plaintiff's Supplement. For whatever reason, Evans and more particularly his attorneys did not respond to Plaintiff's argument that Evans' refusal to answer specific questions was improper even after the Court ordered Plaintiff to file a Supplement to his original Motion expressly referencing the particular questions Plaintiff wanted Evans to answer. So, the Court does not know what Evans would say to Plaintiff's argument that his refusal to answer the questions listed in the Supplement was unjustified. Evans' response brief [ECF No. 124] only addresses Plaintiff's argument that he did not waive his Fifth Amendment right by responding to written discovery in this case and Plaintiff's initial amended complaint before he was charged criminally and by answering Plaintiff's second amended complaint after he was charged.

The Court could hold that Evans' failure to respond to Plaintiff's Motion concerning his refusal to answer specific questions at this deposition results in a waiver of any argument he might make to justify his invocation of his Fifth Amendment right. The law is clear in this Circuit that the wholesale failure to respond to an opposing party's argument results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("[Defendant] failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that [Defendant] waived his [claim].") In another context, this might be the right outcome. Again, however, to hold that Evans has waived his Fifth Amendment right not to answer particular questions at a deposition because his lawyers failed to respond in a legal brief to Plaintiff's argument that he must answer those questions strikes this Court as too harsh, and

4

the Court does not find Evans forever waived his Fifth Amendment right for that reason. As the Supreme Court has cautioned, "courts must 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Emspak*, 349 U.S. at 198 (citations omitted). Indulging that presumption here is appropriate when Evans' lawyers utterly failed to support his invocation of his constitutional right not to answer specific questions. The sins of the lawyers in this respect, however, should not be visited upon the client. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 637, 82 S.Ct. 1386, 1392 (1996) (Douglas, J., dissenting); *Avina v. Hosko*, 1999 WL 184165, at *1 (N.D. Ill. Mar. 25. 1999) (Shadur, J.).

Without more from Evans, of course, the Court also cannot hold that Evans was justified in refusing to answer many of the questions asked by Plaintiff's counsel at his deposition. Therefore, unless Plaintiff chooses to rely on the adverse inference that can flow from a party's invocation of his Fifth Amendment right to those questions, Evans must sit for a continued deposition and answer the questions posed to him by Plaintiff's counsel (other than those specific questions referenced below as to which the Court finds Evans properly invoked the Fifth Amendment) provided the parties first follow the protocol described below. *See Thompson v. City of Chicago*, 722 F.3d 963, 976 (7th Cir. 2013) ("adverse inference is permissible in a civil case but not required") (citing *Evans v. City of Chicago*, 513 F.3d 735, 70-41 (7th Cir. 2008)).

If Plaintiff intends to re-depose Evans consistent with this Court's Order today, counsel for both parties first must meet and discuss the particular questions Plaintiff's counsel intends to ask Evans at that reconvened deposition, and Evans's counsel must articulate whatever specific legal objections they have to particular questions which, if truthful answers were given by Evans, could tend to expose him to criminal liability. If disputes remain, Evans should file a motion for a protective order as to those specific questions, and Plaintiff will be given an opportunity to respond. If the Court finds that Evans has not properly invoked the Fifth Amendment in this second bite at the apple, then it can award Plaintiff her attorney's fees and expenses incurred in responding to any belated motion for protective order. Conversely, the Court also can adjust the balance the other way if appropriate under Rule 37 of the Federal Rules of Civil Procedure.

On the other hand, even without any help from Evans or his counsel, the Court can see that truthful answers to some of the listed questions could implicate Fifth Amendment concerns. These questions relate to particular allegations in this case and Evans' alleged involvement in the use of excessive force including against Plaintiff in this case. They are listed in Plaintiff's Supplement by page number and further identified at the following deposition transcript pages and lines: 17:18-20, 17:23-24-18:1, 18:4-5, 18:7-9, 18:12-14, 18:17-20, 18:23-24-19:1, 19:4-7, 19:10-14, 19:17-20, 19:23-20:1, 20:10-12, 21:19-22, 22:1-4, 22:7-10, 25:12-16, 25:19-23, 26:2-5, 26:8-9, 29:4-6, 29:9-10, 29:19-22, 31:5-10, 32:13-15, 33:11-15, 37:4-5, 37:21-24, 44:9-12, 47:18-20, and 48:12-14. Plaintiff had an opportunity to challenge Evans' invocation of his Fifth Amendment right as to these questions and failed to convince the Court that Evans improperly did so.

In sum, on the present record, the Court finds that Evans properly invoked his Fifth Amendment right not to answer the particular questions referenced by deposition transcript page and line numbers above. As to all of the other questions listed in Plaintiff's Supplement [ECF No. 121], on the present record, Evans has not met his burden of showing that he properly invoked his Fifth Amendment right not to answer those questions. Accordingly, he must answer those

questions, if Plaintiff wishes to re-depose him, provided the parties follow the protocol outlined above which is intended to assure that if Evans is re-deposed, it will not lead to more disputes and be a waste of more time and money.

IV.

Finally, Plaintiff seeks unspecified attorney's fees and expenses incurred as a consequence of Evans' conduct. *See* Plaintiff's Motion for Sanctions [ECF No. 118], at 7 ("It is respectfully requested that Evans be reproduced for a second deposition and that the Court recommend payment of expenses to the District Court for this discovery abuse."); Plaintiff's Reply in Support of Sanctions [ECF No. 126], at 4 ("sanctions in the form of payment of expenses, including reasonable attorney's fees, arising from Evans' erroneous application of the Fifth Amendment."). In her original Motion, Plaintiff asked for "two weeks to submit a petition for expenses associated with this motion" if the Court granted the relief requested. [ECF No. 118], at 7.

It is appropriate under Rule 37 of the Federal Rules of Civil Procedure that Evans and his counsel pay the reasonable attorney's fees and expenses incurred by Plaintiff for filing and briefing her Motion for Sanctions. *See* Fed.R.Civ.P. 37(a)(5)(A). Although the Court did not find that Evans waived his privilege by answering Plaintiff's amended complaint or responding to written discovery before he was indicted, or by answering Plaintiff's second amended complaint with general denials after he was indicted, as Plaintiff argued, Evans prevailed in spite of, not because of, the arguments made on his behalf. Plaintiff also had to respond to Evans' arguments concerning the legal effect of his answer to Plaintiff's second amended complaint after he was indicted that had no basis in fact or law. That was a waste of time and money. Although the Court is not invoking Rule 11 of the Federal Rules of Civil Procedure in imposing the sanctions described in this Order, Rule 11(b) requires that papers filed by an attorney be warranted by existing law or by a non-frivolous argument for extending existing law, and factual contentions must have evidentiary support.

In addition, Evans and his counsel did not bother to address the questions listed in Plaintiff's Supplement despite the Court's direction that Plaintiff specify the particular questions at issue in Plaintiff's Motion before Evans had to respond to it. While the Court upheld Evans' invocation of the Fifth Amendment as to a number of the questions challenged by Plaintiff, that also was not because of anything Evans or his lawyers said or did. Evans' and his counsel's conduct unnecessarily complicated and multiplied these proceedings, and increased the amount of time Plaintiff's counsel and the Court had to spend on the issue of Evans' invocation of his Fifth Amendment right. Shifting the cost of the briefing of Plaintiff's Motion imperfectly reimburses Plaintiff for the expenses she has incurred and will incur as a result of that conduct. The Court will not, however, reimburse Plaintiff for the attorney's fees or costs incurred during Evans' deposition.

Accordingly, the Court awards Plaintiff the attorney's fees and expenses she incurred in briefing her Motion, including preparation of the initial Motion, the Supplement and the Reply memorandum. The attorney's fees and expenses are to be paid by Evans and his counsel. *See* Fed.R.Civ.P. 37(a)(5)(A) ("If the motion is granted, . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, . . . or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees."). While Plaintiff's Motion was granted only in part, the Court believes this is a fair apportionment under all the circumstances.

Finally, the Court recognizes that its ruling and the time during which Plaintiff's Motion was under advisement may impact the dates previously set for expert disclosures and discovery in this case. [ECF No. 133]. Accordingly, a status hearing is set for September 30, 2015, at 10:00 a.m. If the parties agree before that date to an adjustment to the expert discovery schedule, they should submit a joint proposed order to that effect.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 11, 2015