IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA KING, | ) | |
| Plaintiff, | ) | No. 13 C 1937 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | |
| CITY OF CHICAGO et al., | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendants. | ) | Jury Demand |

**DEFENDANT CITY OF CHICAGO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO RE-OPEN DISCOVERY FOR A LIMITED PURPOSE**

Defendant City of Chicago ("City"), by and through its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, and pursuant to Federal Rule of Civil Procedure 16(b)(4), opposes Plaintiff's motion to re-open discovery for a limited purpose. In support thereof, the City states as follows:

**BACKGROUND**

This case pertains to Plaintiff's claim that Defendant Glenn Evans used excessive force on her when she refused to allow herself to be fingerprinted, that the individual defendants failed to intervene in his use of excessive force, and that the City is liable under *Monell*. There were numerous documents produced and witnesses deposed in this case before fact discovery in this case closed on January 25, 2016. *See* Dkt. No.151.

Upon information and belief, Plaintiff received the disciplinary file pertaining to the underlying incident, Complaint Register ("CR") # 1044664, in or about April 2015.

1

Plaintiff also deposed numerous witnesses about numerous subjects directly and tangentially related to the underlying incident prior to the close of discovery.

Sgt. Larry Snelling was deposed on November 24, 2015. He testified, in summary, to the following: Linda Franko, the IPRA investigator who was assigned to CR #1044664, met with him to determine whether the Chicago Police Department teaches officers to use pain-compliance techniques and what procedures are necessary to document their use in what is called a tactical response report. She gave him a broad summary of the underlying case that he did not remember in detail. He told her that the Chicago Police Department does teach the use of pain-compliance techniques and that it would not be necessary to document their use unless the technique caused injury or there was a complaint of injury. Sgt. Snelling said the use of a pain-compliance technique on an uncooperative arrestee would depend on such circumstances as the refusal and what the subject is refusing to do. He was asked how he would approach a situation similar to the case at bar, and he answered that without all the details of the situation that he might just have the woman sit in the cell until she decides she is going to comply. *See* Larry Snelling Deposition ("Snelling Dep."), attached hereto as Exhibit A., at 6:10–18:12.

Scott Ando, then the IPRA chief administrator, was deposed on November 5, 2015. Then-Chicago Police Department Superintendent Garry McCarthy was deposed on January 20, 2016. *See* Scott Ando Deposition ("Ando Dep."), attached hereto as Exhibit B; Garry McCarthy Deposition ("McCarthy Dep."), attached hereto as Exhibit C.

Plaintiff retained no expert witnesses. On May 2, 2016, Defendants disclosed and served on Plaintiff disclosures of expert witnesses, including Sgt. Larry Snelling. Thereafter, Plaintiff had until June 1, 2016 to depose these witnesses before expert discovery closed. *See* Dkt. No.191. On June 7, 2016, Defendants, pursuant to their duty to supplement discovery, submitted

to Plaintiff recently obtained documents of May and June 2016 communications between Superintendent of Police Eddie Johnson ("Supt. Johnson") and IPRA Chief Administrator Sharon Fairley ("Chief Administrator Fairley"). See Dkt. No.214 (filed under seal).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Plaintiff now claims that such communications "contradict" Sgt. Snelling's November 24, 2015 deposition testimony regarding the "reasonableness of Defendant Evan's use of force" against Plaintiff. See Dkt. No.207, ¶2. On this basis, Plaintiff is moving to reopen discovery for the limited purpose of taking Johnson's deposition.

However, there are multiple problems with Plaintiff's position, as described more at length below.

## ARGUMENT

Federal Rule of Civil Procedure 16(b) permits a judge to modify a discovery schedule "only for good cause." Fed. R. Civ. Pro. 16(b)(4). As a general rule, the decision to grant a motion to reopen discovery rests entirely within the sound discretion of the court. *See Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). Because Plaintiff fails to show any good cause to support reopening discovery in this case, this Court should deny Plaintiff's motion.

3

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Indeed, although he was not yet the superintendent, Plaintiff could have deposed Supt. Johnson about any relationship he may have had with Defendant Evans and any role he might have played in his promotion to Commander within the fact discovery period, or requested an extension for that particular purpose within that time period. It was at Supt. McCarthy's deposition, during the fact discovery period of this case where Supt. Johnson's name first came up in this context. *See McCarthy Dep.*, Ex. C, at 48:2–13. To have Supt. Johnson sit for a deposition on topics that Plaintiff had full opportunities to question witnesses before discovery ended would be unfair. Plaintiff cannot show good cause to reopen discovery when the evidence she seeks was available to her to pursue during fact discovery but for her own lack of diligence. *See Echemendia v. Gene B. Glick Management Corp.*, 263 Fed. Appx. 479, 482 (N.D. Ill. 2008) (denying a motion to reopen discovery because the movant could have pursued the materials to be discovered during discovery "but for her own lack of diligence.").

Second, the City concedes that the specific communications between Supt. Johnson and Chief Administrator Fairley represent information that was unknown to Plaintiff during fact discovery because they hadn't happened yet. However, such information is irrelevant and inadmissible. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Allowing such information would invade the province of the jury. Because the deposition would only go to irrelevant and inadmissible evidence, fact discovery should not be reopened to allow it to move forward.

Third, Plaintiff claims that she has good cause to reopen discovery because materials propounded on June 7, 2016 after the close of fact discovery "directly contradict[]" testimony from Sgt. Larry Snelling. *See* Dkt. No.207, ¶2. However, Plaintiff points to no statements either in Sgt. Snelling's deposition transcript or in the recently propounded materials that indicates such contradiction. *See* Dkt. No.207; *APC Filtration, Inc. v. Becker*, No. 07 CV 1432, 2009 WL 187912, at *1 (N.D. Ill. Jan. 26, 2009) (denying a motion to reopen of discovery because of new circumstances that put in doubt a witness' reliability because the party that moved for discovery did not identify a single statement to suggest that the witness suffered impairment of memory or mental faculties). Plaintiff is simply incorrect as to what Sgt. Snelling said in his deposition. There is no contradiction between what Sgt. Snelling said (essentially, that whether he would use a pain-compliance technique would depend on the circumstances, and that with the limited information he had, he would likely wait for the arrestee to comply later) and ▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See Snelling Dep.*, Ex. A, at 6:10–18:12.

Fourth, Plaintiff seems to want to use Supt. Johnson as an unpaid expert witness, to rebut Sgt. Snelling's testimony. Plaintiff, however, had every opportunity to retain expert witnesses of her own and chose not to do so. Now that the City is planning to file for summary judgment on Plaintiff's *Monell* claims, Plaintiff should not be allowed to "back door" experts.

Plaintiff cites two cases as "authority" for leave to reopen discovery. *See* Dkt. No.207, ¶¶5–6. Plaintiff is right that these cases suggest that a party's challenge to evidence propounded after discovery may come too late if that party delayed or took no steps to reopen discovery following the newly propounded evidence. *See* Dkt. No.207, ¶¶5–6. Neither of these cases, however, holds that materials disclosed after discovery *automatically* triggers the reopening of discovery. *See Rizza v. Underwriters*, No. 09 CV 687, 2011 WL 867492, at *2 (N.D. Ill. Mar.

5

11, 2011) ("Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests.") (citing *Finwall v. City of Chicago*, 239 F.R.D. 494, 496 (N.D. Ill. 2006)). Plaintiff, thus, must still prove that good cause exists in order to succeed on her motion to reopen discovery. Fed R. Civ. Pro. 16(b)(4).

Because good cause to reopen discovery does not exist, Plaintiff's motion to reopen discovery should be denied.

## CONCLUSION

**Wherefore,** Defendants respectfully request that this Court deny Plaintiff's motion to reopen discovery for the limited purpose to depose Superintendent Johnson.

Dated: June 24, 2016

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

By: /s/*Anna Davis Walker*
Anna Davis Walker
Assistant Corporation Counsel
City of Chicago Law Department
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 742-7030 (Phone)
(312) 744-6566 (Fax)

/s/*Raoul Vertick Mowatt*
Raoul Vertick Mowatt
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Suite 900
Chicago, IL 60602

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA KING, | ) | |
| Plaintiff, | ) | No. 13 C 1937 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | |
| CITY OF CHICAGO et al., | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendants. | ) | Jury Demand |

### **CERTIFICATE OF SERVICE**

To: All attorneys of record

I, an attorney, hereby certify that on June 24, 2016 I have served the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to all attorneys of record. I further certify that on June 24, 2016 I have placed the un-redacted version of the attached document in the mail to be delivered to attorneys of record at the following addresses:

Thomas G. Morrissey, Ltd.
10150 South Western Ave.
Suite Rear
Chicago, IL 60643
(773) 2337900
Email: patrickmorrissey1920@gmail.com

Kenneth M. Battle
Hickey, O'Connor & Battle LLP
20 N. Clark Street
Suite 1600
Chicago, IL 60602
3124229400
Fax: 3124229410
Email: kbattle@hoblawfirm.com

/s/*Anna Davis Walker*
Anna Davis Walker
Assistant Corporation Counsel