IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA KING, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 13 CV 1937 |
| -*vs*- | ) | |
| | ) | Judge Bucklo |
| GLENN EVANS, *et. al.,* | ) | |
| | ) | Magistrate Judge Gilbert |
| | ) | |
| *Defendants.* | ) | |

## RESPONSE IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO BIFURCATE

The individual defendants, Dennis Clifford, Rosilynn Sutton, Connie Dixon, Kevin Rogers, and Glenn Evans, have moved to bifurcate plaintiff's *Monell* claim.[1] ECF No. 276. They argue bifurcation is necessary to prevent (1) "improper character evidence against the individual defendants" caused by the Justice Department Report and (2) general prejudice from publication of the Justice Department Report. ECF No. 276, Defendants' Motion at 2. For the reasons stated below, the Court, with its "broad discretion," *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), should deny defendants' motion.

Defendants' principal argument, that the Justice Department Report could result in improper character evidence prohibited by Rule 404(b) of the Federal Rule of Evidence, is flawed simply because the Report does not include any character evidence about the individual defendants. Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence "may be admissible for another purpose, such as

---

[1] Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rule of Civil Procedure, Lloyd Gray and Wilfredo Lapitan were dismissed in this action. ECF No. 142, Stipulation of Dismissal.

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Civ. P. 404(b)(2). Here, there is no evidence defendants were identified in the Justice Department Report. Moreover, defendants offer no case law to suggest Rule 404(b) is applicable in this case. Therefore, the Court should overrule defendants' concern that "[a]dmittance of the DOJ Report could result in improper character evidence against the individual defendants." ECF No. 276, Defendants' Motion at 2.

Defendants next argue bifurcation is necessary, assuming the Justice Department Report is admitted into evidence, because the "jury would be misled into imposing individual liability based on unrelated actions of non-party officers, instead of deciding the case on the merits of the actions of the individual defendants." ECF No. 276, Defendants' Motion at 2. This argument is premature. As other courts have noted, "judges often address and can mitigate potential prejudice that might arise from a unitary trial involving multiple defendants and multiple claims through the use of limiting instructions, motions in limine and the Federal Rules of Evidence." *Zencka v. Lake County, Indiana*, 2016 WL 2984285, *5 (N.D.Ind. 2016) (Lozano, J.) (internal citations omitted). These tools should be sufficient to address issues of potential prejudice to the individual defendants.

For the reasons above stated, the Court should deny the individual defendants' motion to bifurcate.

Respectfully submitted,

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Suite Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900
