IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA KING, | ) | |
| Plaintiff, | ) | No. 13 C 1937 |
| | ) | |
| vs. | ) | Judge Bucklo |
| | ) | |
| CITY OF CHICAGO et al., | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendants. | ) | Jury Demand |

**INDIVIDUAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO BI-FURCATE THE *MONELL* CLAIM**

Defendant Officers Clifford, Sutton, Rodgers, Lapitan, Gray and Dixon by and through their attorney, Tiffany Y. Harris, Senior Counsel for the City of Chicago ("City"), respectfully submit their reply in support of the City of Chicago and the Individual Defendants' motion to bi-furcate the *Monell* Claim in this case and offer in support thereof:

Plaintiff responds to the Individual Defendants' primary argument that the introduction of the DOJ Report could result in improper character evidence being introduced in violation of FRE 404 (b) by arguing that the DOJ Report does not contain any character evidence regarding the Individual Defendants. However, this argument is without merit. The DOJ report could potentially impugn the character of every member of the Chicago Police Department and no amount of a limiting instruction could correct the prejudice against the Individual Defendant Chicago Police Officers in the case at bar. Plaintiff argues that 404 (b) evidence may be submitted for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". ECF# 285 (Plaintiff's Response in Opposition to Individual Defendants' Motion to Bi-furcate). However, plaintiff offers no evidence that any of the exceptions to FRE 404 (b) would apply to Individual Defendants

1

Clifford, Sutton, Rodgers, Lapitan, Gray and Dixon. Furthermore as plaintiff correctly points out the DOJ Report does not include any character evidence regarding the Individual Defendants which further supports the Defendants position that the *Monell* Claim should be bi-furcated to prevent any unfair prejudice to the Individual Defendants based on the behavior of other Officers discussed in the DOJ Report. If the *Monell* Claim is not bi-furcated a jury may hear evidence from the DOJ Report regarding purported evidence of non-party officer misconduct in relation to the *Monell* Claim and conclude that the Individual Defendants are somehow involved or responsible. This is in direct contradiction to Section 1983's personal responsibility requirement, and would be extremely prejudicial. *See Burks v. Raemish,* 555 F.3d 592, 596 (7th Cir. 2009); *Veal v. Kachiroubas,* 2014 WL 321708. At *6 (N.D. Ill. Jan. 29. 2014); *Lopez v. City of Chicago,* 2002 WL 335346, at *2 (N.D. Ill. Mar. 1, 2002)("Without bifurcation, the jury would likely hear evidence against the City of various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants); *Ojeda-Beltran v. Lucio,* 2008 W: 2782815. At *3 (N.D. ILL. July 16, 2008).

      Plaintiff argues that "judges often address and can mitigate potential prejudice that might arise from a unitary trial involving multiple defendants and multiple claims through the use of limiting instructions, motions in limine and the Federal Rules of Evidence" citing *Zencka v. Lake County Indiana,* 2016 WL 2984285, *5 (N.D. Ind. 2016). ECF #285 (Plaintiff's Response in Opposition to Individual Defendants' Motion to Bi-furcate). However, the danger of introducing the DOJ Report during the trial cannot be managed by a jury instruction or limiting instruction. Litigating the *Monell* claim along with the claims against the Individual Defendants invites unfair prejudice against the Individual Defendants. There is no way to cure the taint of alleged

2

police misconduct discussed in the DOJ Report in relation to the impact on the Individual Defendants in the case at bar, especially in the context of the perceived gravitas such a federally-sponsored public report may have on a jury, should it be admitted in any way. Courts have therefore found that due to the nature of the *Monell* claims and the non-party misconduct that is offered as evidence to prove the claims, bifurcation is appropriate and a jury instruction is not enough. *See Claxton v. City of Chicago, et. al.,* 2015 WL 5304630 at 4-5 (N.D. Ill. Sept. 9, 2015); *Castillo v. City of Chicago*, 2012 WL 1658350, at *6 (N.D. ILL. May 11, 2012) (rejecting the Plaintiff's suggestion of a limiting instruction as a remedy to the prejudice against the Individual Defendants and finding that the possibility of evidence of allegedly unlawful conduct by "other Chicago police officers raises legitimate concerns about the Individual Defendants' ability to distinguish their own alleged constitutional actions from those of non-party officers. This concern warrants a finding that some prejudice could result absent bifurcation of the *Monell* claims"). Thus even if the DOJ Report is admissible against the City for the purposes of the *Monell* claim this only strengthens the need to bifurcate the *Monell* claims from the claims against the Individual Defendants in order to prevent the dangers of unfair prejudice against those Individual Officer Defendants.

## CONCLUSION

**Wherefore,** the Defendants respectfully request that this Court bifurcate the *Monell* claim against the City from the claims against the Individual Defendant Officers and any other relief this Honorable Court deems appropriate.

Dated: March 23, 2017                                        Respectfully submitted,

                                                                     By:     /s/*Tiffany Y. Harris*
                                                                             Tiffany Y. Harris
                                                                             Senior Counsel

City of Chicago Law Department
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-7684 (Phone)

Case: 1:13-cv-01937 Document #: 286 Filed: 03/24/17 Page 4 of 5 PageID #:2927

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RITA KING, ) | | |
|     Plaintiff, ) | No. 13 C 1937 | |
| ) | | |
| vs. ) | Judge Bucklo | |
| ) | | |
| CITY OF CHICAGO et al., ) | Magistrate Judge Gilbert | |
| ) | | |
|     Defendants. ) | Jury Demand | |

## CERTIFICATE OF SERVICE

To:    All attorneys of record

    I, an attorney, hereby certify that on March 24, 2017 I have served the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to all attorneys of record

    Thomas G. Morrissey, Ltd.
    Thomas G. Morrissey
    Patrick Morrissey
    10150 South Western Ave.
    Suite Rear
    Chicago, IL 60643
    (773) 2337900
    Email: patrickmorrissey1920@gmail.com

    Kenneth M. Battle
    Hickey, O'Connor & Battle LLP
    20 N. Clark Street
    Suite 1600
    Chicago, IL 60602
    3124229400
    Fax: 3124229410
    Email: kbattle@hoblawfirm.com

                                                                          /s/*Tiffany Y. Harris*
                                                                           Tiffany Y. Harris
                                                                           Senior Counsel