IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rita King, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 13 C 1937 |
| | ) | |
| Glenn Evans, et al., | ) | Judge Bucklo |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**FINAL PRETRIAL ORDER**

Plaintiff and Defendants hereby submit this joint, proposed Final Pretrial Order and state as follows: (1) each category of this Court's instructions set forth in its Standing Order, Preparation of Final Pretrial Order, has been considered and is included herein; and (2) the parties acknowledge that this Order will control the course of the trial and may not be amended except by consent of the parties or by order of the Court to prevent manifest injustice.

1) **Jurisdiction.** The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343. Jurisdiction is not disputed.

2) **Claims.**

**Plaintiff's Claims.**

Plaintiff Rita King sues six Defendants. The Defendants are the City of Chicago, Glenn Evans, Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rodgers

Plaintiff brings the following claims.

First, Plaintiff claims that Defendant Glenn Evans used unreasonable force against her in violation of her Fourth Amendment right.

Second, Plaintiff claims that Defendants Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rogers used unreasonable force against her or failed to intervene while Glenn Evans and other Chicago Police Officers used unreasonable force.

Third, Plaintiff claims that Defendant City of Chicago had an official policy, also known as a widespread custom or practice, that was the moving force behind her injuries in the 6th District lockup, in violation of her Fourteenth Amendment substantive due process right to bodily integrity. Plaintiff brings this claim against Defendant City of Chicago only.

Defendants City of Chicago, Glenn Evans, Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rodgers deny these claims.

**Defendants' Statement of Claims.**

Plaintiff, Rita King, sues six Defendants. The Defendants are the City of Chicago, Glenn Evans, Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rodgers

Plaintiff claims that Defendant Glenn Evans used unreasonable force against her in violation of her Fourth Amendment rights. She also claims that the other individual Defendants used unreasonable force against her or failed to intervene while Glenn Evans and other Chicago Police Officers used unreasonable force.

Lastly, Plaintiff claims that Defendant City of Chicago had an official policy in the form of a widespread custom or practice to support members of the department who engage in unlawful and excessive force, in the following way:

a. Chicago Police officers who frequently receive citizen complaints, like Evans, remain employed with the department;

b. Chicago Police officers, like Evans, are not disciplined or provided remedial supervision;

c. Subordinates within the department are aware supervisors, like Evans, are not disciplined for the use of excessive force;

d. Chicago Police officers fail to document the application of force by department members;

e. Chicago Police officers know IPRA fails to meaningfully investigate allegations of misconduct; and/or,

f. Certain police officers, like Evans, are routinely called on by members of the department to engage in unlawful force.

Plaintiff claims that this alleged widespread custom or practice was the moving force behind her injuries in the 6th District lockup, in violation of her Fourteenth Amendment substantive due process right to bodily integrity. Plaintiff brings this claim against Defendant City of Chicago only.

Defendants deny all wrongdoing, deny that they used excessive force, deny they failed to intervene, and deny that the City had any widespread custom or practice that caused plaintiffs' alleged constitutional injuries.

3) **Relief sought.** Plaintiff requests compensatory damages in excess of $75,000.00. Plaintiff will also seek an award of punitive damages against all individual defendants. Should plaintiff prevail, counsel for plaintiff will request an award of attorney's fees and costs.

4) **Witnesses.**

Plaintiff's Witness List

    a. Witnesses that plaintiff will call to testify:

        1. Plaintiff Rita King.
        2. Defendant Glenn Evans.
        3. Defendant Dennis Clifford.
        4. Defendant Rosilynn Sutton.
        5. Defendant Connie Dixon.
        6. Defendant Kevin Rogers.
        7. Dr. Mohammed Sajjad, 2530 Crawford Ave. Suite 2, Evanston IL, 60201.
           **DEFENDANTS OBJECTION: Defendants object to the calling of Dr. Sajjad as a witness at trial to the extent plaintiff will elicit opinions that have not been disclosed pursuant to FCRP 26(a)(2).**

    b. Witnesses that may be called to testify at trial:

        1. IPRA Investigator Linda Franko.
           **DEFENDANTS OBJECTION: FRE 401, 403, 404(b), undisclosed (see Motion *in Limine*)**
        2. Bruce Dean, City of Chicago Rule 30(b)(6) Designee
        3. Robert J. Klimas, City of Chicago Rule 30(b)(6) Designee

4. Donald O'Neill, City of Chicago Rule 30(b)(6) Designee
5. Chief Wayne Gulliford
    DEFENDANTS OBJECTION: FRE 401, object to the extent Chief Gulliford testifies to any non-disclosed opinions (see Motion in *Limine*)
6. Scott Ando
    **DEFENDANTS OBJECTION: FRE 401, 403, 404(b), undisclosed (see Motion *in Limine*)**
7. Garry McCarthy
    **DEFENDANTS OBJECTION: FRE 401, 403, undisclosed (see Motion *in Limine*)**
8. Superintendent Johnson
    **DEFENDANTS OBJECTION: FRE 401, 403, 404(b), undisclosed, apex doctrine (see Motion *in Limine*)**
9. Mayor Rahm Emanuel
    **DEFENDANTS OBJECTION: FRE 401, 403, undisclosed, apex doctrine (see Motion *in Limine*)**
10. Keeper of the Records for IPRA and the Chicago Police Department
11. Keeper of the Records from Roseland Community Hospital

    **DEFENDANTS OBJECTION: FRE 401, 403, undisclosed (see Motion in Limine)**

c. Plaintiff does not anticipate using deposition testimony at trial.

<u>Defendants' Witness List</u>

a. Witnesses that defendants will call to testify:

1. Defendant Glenn Evans.
2. Defendant Dennis Clifford.
3. Defendant Rosilynn Sutton.
4. Defendant Connie Dixon.
5. Defendant Kevin Rogers.
6. Dr. Charles Weingarten, M.D. – Expert Witness that will testify regarding the nature and extent of plaintiff's claimed injuries, as well as causation.
7. Bruce Dean.
8. Robert Klimas.
9. Donald O'Neill.
10. Plaintiff Rita King
11. Michael T. Hyams – Expert Witness
    **Objection. Defendants do not include a statement of the subject of this expert witness' expertise.**
12. Joshua Hunt – Expert Witness

**Objection. Defendants do not include a statement of the subject of this expert witness' expertise.**

    b.  Witnesses that defendants may call to testify at trial

        1.  Larry Snelling – Expert Witness
           **Objection. Defendants do not include a statement of the subject of this expert witness' expertise.**
        2.  Records Custodian of CPD
        3.  Records Custodian of OEMC
        4.  Records Custodian of Roseland Community Hospital
           **Objection. Not previously disclosed and defendants will not identify the specific medical records seeking to be introduced at trial.**
        5.  Records Custodian of St. Bernard Hospital
           **Objection. Not previously disclosed and defendants will not identify the specific medical records seeking to be introduced at trial.**
        6.  Records Custodian of Jackson Park Hospital
           **Objection. Not previously disclosed and defendants will not identify the specific medical records seeking to be introduced at trial.**

c.    Defendants reserve the right to call any witnesses listed by Plaintiff. Defendants also reserve the right to call witnesses for rebuttal or impeachment purposes outside of the witnesses disclosed herein by the parties. Defendants do not anticipate using any deposition testimony at trial, subject to the Court's rulings on motions *in limine*.

    5)   **Exhibits.**

    <u>Plaintiff's Exhibit List</u>

| Exhibit No. | Description | Def. Objection |
|---|---|---|
| 1 | Arrest Report (FCRL 16-20) | Hearsay. May be used for purposes of impeachment or refreshing recollection only. |
| 2 | Case Report (FCRL 21-24) | Hearsay. May be used for purposes of impeachment or refreshing recollection only. |

| 3 | Fingerprint Printout (FCRL 36-39) | FRE 401, 402, 403, 802 |
|---|---|---|
| 4 | Mugshots (FCRL 42-46) | No objection |
| 5 | Roseland Hospital Medical Records | FRE 401, 403 and 802 |
| 6 | Glenn Evans Interrogatory Answers | Individual Defendants object to the extent it is used for anything other than to refresh recollection. The City adopts the objections set forth in the interrogatories themselves. May be used for purposes of impeachment or refreshing recollection only. |
| 7 | Portion of Investigative Log #1044664 (FCRL 360-509) | FRE 401, 403, 404(b), 802, foundation, completeness (106), *see* Motions *in Limine* |
| 8 | Portion of Investigative Log #1044664 (FCRL 238-250) | Individual Defendants - No objection; The City objects as hearsay, completeness |
| 9 | Summary Report for Investigative Log #1044664 (FCRL 3175-3208) | FRE 401, 403, 404(b), 802, foundation, completeness, *see* Motions *in Limine* |
| 10 | Command Channel Review/Supplemental Investigation for Log #1044664 (FCRL 10370-10501) | FRE 401, 403, 404(b), 802, foundation, completeness, *see* Motions *in Limine* |
| 11 | Johnson Non-Concurrence with Log #1044664 (FCRL 10516-10529) | FRE 401, 403, 404(b), 802, foundation, completeness, see Motions in Limine |
| 12 | Inv. Franko work schedule (FCRL 10504-10515) | FRE 401, 403, foundation, see Motions *in Limine* |
| 13 | IPRA Chief Scott Ando Affidavit from Protective Order Motion in case (Dkt. No. 72-3) | FRE 401, 403, 404(b), 802, foundation, not disclosed; in the alternative,to be used for impeachment or refreshing recollection only. |
| 14 | Stipulation by City of Chicago in *Spalding v. City* | FRE 401, 403, 404(b), 802, foundation, not disclosed, see |

| | | |
|---|---|---|
| | *of Chicago*, 12 C 8777 | Motions *in Limine* |
| 15 | Police Accountability Task Force Recommendations for Reform, April 2016 | FRE 401, 403, 404(b), 802, foundation, see Motions in Limine |
| 16 | Department of Justice, Investigation of the Chicago Police Department, January 13, 2017 | FRE 401, 403, 404(b), 802, foundation, see Motions *in Limine* |
| 17 | Complaint, *Evans v. City of Chicago*, 16-cv-7665 | FRE 401, 403, 404(b), 802, foundation, not disclosed, *see* Motions *in Limine* |
| 18 | Eddie T. Johnson, Resume | Objection hearsay, not relevant, not disclosed. May be used only for impeachment or refreshing recollection. |
| 19 | Glenn Evans, IPRA 5-Year CR History (FCRL 553-574) | FRE 401, 403, 404(b), 802, foundation, see Motions *in Limine* |
| 20 | Evans CR History (Need copy from City) | FRE 401, 403, 404(b), 802, foundation, see Motions *in Limine* |
| 21 | Evans 5 Year Disciplinary History (FCRL 251-253) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 22 | Investigative Log #211641 (FCRL 6846-6947) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 23 | Investigative Log #267640 (FCRL8124-8219) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 24 | Investigative Log #201570 (FCRL 6603-6638) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 25 | Investigative Log #1049208 (FCRL 601-917) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 26 | Investigative Log #1038067 (FCRL 3807-4020) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 27 | Investigative Log #1006219 (FCRL3209-3344) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |

| 28 | Investigative Log #262796 (FCRL 9612-10365) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
|---|---|---|
| 29 | Investigative Log #199557 (FCRL 6395-6492) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 30 | Investigative Log # 189367 (FCRL 5943-6074) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 31 | Investigative Log #1014726 (also identified as Log #1016816) (FCRL 3345-3436) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 32 | Investigative Log #1018786 (FCRL 3437-3519) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 33 | Investigative Log #1020192 (FCRL 3520-3760) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 34 | Investigative Log #1043666 (FCRL 4029-4447) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 35 | Investigative Log # 1062865 (FCRL 5307-5588) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 36 | Investigative Log #1049525 (FCRL 4967-5279) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 37 | Investigative Log # 180142 (FCRL 5675-5695) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 38 | Investigative Log #180658 (FCRL 5739-5795) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 39 | Investigative Log #181130 (FCRL 5796-5834) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 40 | Investigative Log # 187030 (FCRL 5884-5942) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 41 | Investigative Log # 197376 (FCRL 6248-6292) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in* |

| | | |
|---|---|---|
| | | *Limine* |
| 42 | Investigative Log #202587 (FCRL 6639-6684) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 43 | Investigative Log # 207100 (FCRL 6725-6764) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 44 | Investigative Log #208859 (FCRL 6765-6845) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 45 | Investigative Log #211943 (FCRL 6948-7009) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 46 | Investigative Log # 231153 (FCRL 7297-7349) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 47 | Investigative Log #231910 (FCRL 7350-7412) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 48 | Investigative Log # 237824 (FCRL 7600-7625) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 49 | Investigative Log #270883 (FCRL 8316-8351) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 50 | Investigative Log # 261026 (FCRL 8012-8100 | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 51 | Investigative Log #271308 (FCRL 8358-8462) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 52 | Investigative Log #288642 (FCRL 8832-8856) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 53 | Investigative Log #299066 (FCRL 8888-9075) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 54 | Investigative Log #303264 (FCRL 9076-9150) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 55 | Investigative Log #308255 (FCRL 9508-9611) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in* |

| | | |
|---|---|---|
| | | *Limine* |
| 56 | Investigative Log #190997 (FCRL 6075-6093) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 57 | Investigative Log #185888 (FCRL 5848-5883) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 58 | Investigative Log #196732 (FCRL 6225-6247) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 59 | Investigative Log #230525 (FCRL 7150-7296) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 60 | Investigative Log #306953 (FCRL 9151-9260) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 61 | CPD Tactical Response Report (TRR) | FRE 401, 403, foundation |
| 62 | IPRA audio statement of Glenn Evans | Objection, may only be used for impeachment |
| 63 | IPRA audio statement of defendant Sutton | Objection, may only be used for impeachment |
| 64 | IPRA audio statement for defendant Clifford | Objection, may only be used for impeachment |
| 65 | Glenn Evans lawsuit against City of Chicago filed in 2017 | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |
| 66 | Complete IPRA file relating to Rita King (city represented it is being reordered) | FRE 401, 403, 404(b), 802, foundation, *see* Motions *in Limine* |

Defendants' Exhibit List

| Ex. No. | Description | Bates Range | Objections |
|---|---|---|---|
| A. | Arrest Report (April 10 2011)[To be used for purposes of impeachment or | FCRL 16-20 | No objection. |

| Ex. No. | Description | Bates Range | Objections |
|---------|-------------|-------------|------------|
| | refreshing recollection only] | | |
| B. | Original Case Incident Report (HT242934) )[To be used for purposes of impeachment or refreshing recollection only] | FCRL 21-22 | No objection. |
| C. | Case Supplement Report (HT242934) )[To be used for purposes of impeachment or refreshing recollection only] | FCRL 23-24 | No objection. |
| D. | Mugshots for Rita King | FCRL 42-46 | No objection. |
| E. | Evidence Technician Photographs of Rita King (April 12, 2011) | FCRL 238-246 | No objection. |
| F. | Criminal History Report for Rita King | FCRL 25-35 | FRE 609(b), 401, 403 |
| G. | OEMC Event Query #1110005842 April 10 2011 | FCRL 47-49 | FRE 401, 403 |
| H. | OEMC 911 call | FCRL 50 | FRE 401, 403 |
| I. | Rita King Answers to Interrogatories | N/A | FRE 401, 403 |
| J. | Photographs of Lockup Area 6th District (demonstrative) | N/A | The Parties have agreed to conduct a joint site visit for purposes of taking photos for demonstrative purposes. |

| Ex. No. | Description | Bates Range | Objections |
|---|---|---|---|
| K. | Photographs of Processing Area 6th District (demonstrative) | N/A | The Parties have agreed to conduct a joint site visit for purposes of taking photos for demonstrative purposes. |
| L. | IPRA Statement of Rita King April 12 2011 | FCRL 364-379 | Object to the entire statement being admitted to evidence. |
| M. | IPRA Audio Statement of Rita King April 12, 2011 | FCRL 360 | Object to the entire audio recording being admitted to evidence. |
| N. | Rita King Deposition Transcript | N/A | Object to the entire audio recording being admitted to evidence. |
| O. | Videotape Deposition of Rita King | N/A | Object to the entire audio recording being admitted to evidence. |
| P. | Complimentary History/Awards of Defendants | FCRL 260-262* | No objection if used to rebut plaintiff's evidence of civilian complaints, disciplinary proceedings, or other bad acts against Defendants. |
| Q. | Excerpts of Medical records from St. Bernard Hospital relied upon by Dr. Weingarten | N/A | Defendants have not produced the relevant pages for plaintiff to review. During a 8/23/2017 meet and confer, defendants would not agree to identify and produce the proposed exhibit.<br><br>DEFENSE COUNSEL STATES THAT PLAINTIFF'S COUNSEL HAS BEEN GIVEN THE OPPORTUNITY TO ORDER ALL MEDICAL RECORDS OF PLAINTIFF THAT WERE RECEIVED VIA SUBPOENA AND CHOSE NOT TO. DEFENSE EXPERT HAS REVIEWED ALL |

| Ex. No. | Description | Bates Range | Objections |
|---------|-------------|-------------|------------|
| | | | RECORDS RELATED TO THIS MEDICAL FACILITY. |
| R. | Excerpts of medical records Jackson Park Hospital/Dr. O'Toole relied upon by Dr. Weingarten, including a history of facial trauma and CT films | N/A | Defendants have not produced the relevant pages for plaintiff to review. During a 8/23/2017 meet and confer, defendants would not agree to identify and produce the proposed exhibit.<br><br>DEFENSE COUNSEL STATES THAT PLAINTIFF'S COUNSEL HAS BEEN GIVEN THE OPPORTUNITY TO ORDER ALL MEDICAL RECORDS OF PLAINTIFF THAT WERE RECEIVED VIA SUBPOENA AND CHOSE NOT TO. DEFENSE EXPERT HAS REVIEWED ALL RECORDS RELATED TO THIS MEDICAL FACILITY. |
| S. | Excerpts of Medical records from Roseland Community Hospital relied upon by Dr. Weingarten, inclusive of April 12, 2011 admission and CT films, as well as history of facial trauma. | N/A | Defendants have not produced the relevant pages for plaintiff to review. During a 8/23/2017 meet and confer, defendants would not agree to identify and produce the proposed exhibit.<br><br>DEFENSE COUNSEL STATES THAT PLAINTIFF'S COUNSEL HAS BEEN GIVEN THE OPPORTUNITY TO ORDER ALL MEDICAL RECORDS OF PLAINTIFF THAT WERE RECEIVED VIA SUBPOENA AND CHOSE NOT TO. DEFENSE EXPERT HAS REVIEWED ALL RECORDS RELATED TO THIS |

| Ex. No. | Description | Bates Range | Objections |
|---|---|---|---|
| | | | MEDICAL FACILITY. |
| T. | Dr. Charles Z. Weingarten's Expert Report - October 12, 2015 | N/A | Object to the expert report being admitted into evidence. FRE 401, 403 |
| U. | Dr. Weingarten's CV | N/A | Object to the cv being admitted into evidence. FRE 401, 403 |
| V. | Publications set forth and relied upon by Dr. Weingarten, as set forth in his Report | N/A | Object to the publications being admitted into evidence. FRE 401, 403 |
| W. | Cmdr. Michael Hyams, Ph.D. Expert Report (April 30, 2016) | N/A | Object to the expert report being admitted into evidence. FRE 401, 403 |
| X. | Cmdr. Michael Hyams, Ph.D. CV | N/A | Object to the cv being admitted into evidence. FRE 401, 403 |
| Y. | | | |
| Z. | | | |
| AA. | | | |

6) **Type and length of trial.** The case will be tried by jury. The parties anticipate the length of trial will be seven days.

7) **Settlement History.** Magistrate Judge Gilbert has diligently worked to facilitate settlement. Plaintiff and Defendants have been unable to reach an accord with respect to settlement.

8) **Proposed findings and conclusions.** Not applicable.

9) **Proposed voir dire questions.**

DEFENDANTS' PROPOSED VOIR DIRE

1. Have you served in any branch of the military or armed forces? If so, branch, years of service, highest rank achieved, duties, and nature of discharge?

2. Do you belong to or work with any neighborhood watch groups or any groups that focus on crime prevention or enforcement of the law?

3. Have you, or any relatives or close friends, ever been a witness to a crime?

4. Have you, or a relative or close friend, ever had any type of encounter with a police officer, or with any law enforcement officer, that left you (or the relative or friend) with strongly positive or strongly negative feelings?

5. Have you ever witnessed someone else having an encounter with a police officer that left you with strongly positive or strongly negative feelings?

6. Have you ever testified in court or in a deposition?

7. Do you participate in any social networking websites, such as Facebook, Instagram, Twitter, etc.?

8. Is there anything at all about the subject of this case that might make it difficult for you to be fair to one side or the other? If so, please explain.

9. Are you personally acquainted with any of the parties or counsel for the parties? Individuals on the witness list? If yes, describe the relationship.

10. Is there anyone who because of medical or other important reasons cannot be available for the duration of the trial?

11. Is there anyone who suffers from any condition or situation that would make it difficult to give the parties your full attention and fair consideration if you were selected as a juror?

12. Is there anyone who has difficulty reading, writing or understanding the English language, so that it would impair your ability to understand what you hear or in court or to read the documents that may be used as exhibits?

13. What do you think about law enforcement officers and the job they have to do?

14. When you hear about allegations of police misconduct do you have any opinions one way or the other?

15. Do you know any law enforcement officers? If yes, what relationship, if any? If yes, how often do you see this officer? Do you have any discussions with this officer regarding his or her job? If yes, elaborate, please.

16. If you are selected as a juror on this case, will you be able to render a verdict based solely on the evidence presented at trial and the law as I give it to you?

17. Do you watch any legal shows on television? If so, which ones?

18. What do you think about the fact that the defendants are police officers?

19. Do you have any predispositions about a witness because he or she is a law enforcement officer?

20. Do you hold any philosophical or religious beliefs that would prevent you from sitting in judgment of another person or company?

21. If the Plaintiff did not prove his case, would you be able to find for Defendants and send Plaintiff away with nothing?

22. At the conclusion of this trial, I will instruct you on the law as it pertains to this case and, under our system, you must follow the law in deciding this case.  Is there any member of the jury who feels that he or she cannot follow the law for any reason, even if he or she personally may disagree with the law?

23. How do you prefer to get your news?
   a. TV, newspaper, internet, radio, or word of mouth?
   b. Morning radio show

24. Have you read, saw or heard anything in the news media about this case or the incident involving Rita King and the Chicago Police on April 10, 2011?  What is the first thing that comes you your mind when you recall that incident?  What facts about the incident did you learn through the news media accounts?  What conclusions have you reached about the incident of the news media accounts?

10)    **Proposed jury instructions.**


# JURY INSTRUCTIONS


## 1.01 Functions of the Court and Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Proposed Instruction No. 1

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.01 (2009)

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.


Proposed Instruction No. 2 (If applicable)
_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.02 (2009)

**1.04 Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Proposed Instruction No. 3

____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.04 (2009)

**1.06 What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


Proposed Instruction No. 4

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.06 (2009)

**1.07 Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Proposed Instruction No. 5

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.07 (2009)

**1.08 Consideration of all Evidence regardless of who produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Proposed Instruction No. 6

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.08 (2009)

## 1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Proposed Instruction No. 7

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.09 (2009)

## 1.10 Weighing The Evidence

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning the Chicago Police Department's policy or practices only in the case against the City of Chicago. You must not consider it against any other party.


Proposed Instruction No. 8

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.10 (2009)

## 1.11 Weighing The Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Proposed Instruction No. 9

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.11 (2009)

### 1.12 Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Proposed Instruction No. 10

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.12 (2009), modified.

**1.13 Testimony of Witnesses**
**(Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Proposed Instruction No. 11

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.13 (2009)

## 1.14 Prior Inconsistent Statements or Acts

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Proposed Instruction No. 12 (if applicable)

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.14 (2009)

## 1.16 Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.


Proposed Instruction No. 13

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.16 (2009)

**1.17 Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Proposed Instruction No. 14

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.17 (2009)

**1.18 Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Proposed Instruction No. 15

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.18 (2009)

**1.25 Burden of Proof**

You must give separate consideration to each claim and each party in this case. Although there are six defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

Proposed Instruction No. 16

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.25 (2009)

**1.27 Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Proposed Instruction No. 17

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.27 (2009)

**Prefatory Issue Instruction**

This case involves six defendants. Defendants are the City of Chicago, Glenn Evans, Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rodgers

Although there are six defendants in this case, it does not necessarily follow that if one is liable, the others are liable. Similarly, it does not necessarily follow that if one defendant is not liable, the others are not liable. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants.

Proposed Instruction No. 18.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE AND INACCURATE STATEMENT OF LAW.

**Prefatory Instruction**

Plaintiff brings the following claims.

First, Plaintiff claims that Defendant Glenn Evans used unreasonable force against her in violation of her Fourth Amendment right.

Second, Plaintiff claims that Defendants Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rogers used unreasonable force against her or failed to intervene while Glenn Evans used unreasonable force.

Third, Plaintiff claims that Defendant City of Chicago had an official policy, also known as a widespread custom or practice, that was the moving force behind her injuries in the 6th District lockup, in violation of her Fourteenth Amendment substantive due process right to bodily integrity. Plaintiff brings this claim against Defendant City of Chicago only.

Defendants City of Chicago, Glenn Evans, Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rodgers deny these claims.

I shall now discuss each of these claims in turn.

Proposed Instruction No. 19.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE, CONFUSING AND INACCURATE STATEMENT OF LAW.

**7.09 Excessive Force Against Arrestee (Revised)**

Plaintiff claims that Defendant Evans used excessive force against her. To succeed on this claim, Plaintiff must prove each of the following thing by a preponderance of the evidence:

- Defendant Evans used unreasonable force against Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant and you will not consider the question of damages.

Proposed Instruction No. 20.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING CONFUSING AND INACCURATE STATEMENT OF LAW.

### 7.10 Fourth Amendment Excessive Force, Definition of Unreasonable (revised)

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant used unreasonable force and acted with reckless disregard of Plaintiff's rights, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of plaintiff's injury, any efforts made by the Defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officers, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

Proposed Instruction No. 21.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING CONFUSING AND INACCURATE STATEMENT OF LAW.

**Other Individual Officers**

Plaintiff also claims that Defendants Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rogers either used unreasonable force or failed to intervene while Defendant Glenn Evans used unreasonable force.


Proposed Instruction No. 22.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE, DUPLICATIVE AND INACCURATE STATEMENT OF LAW.

**Unreasonable Force (Other Individual Defendants)**

To succeed on her unreasonable force claim against Defendants Clifford, Sutton, Dixon, or

Rogers, Plaintiff must prove each Defendant used unreasonable force against Plaintiff.

If you find that Plaintiff has proved this element against Defendant by a preponderance of

the evidence, then you must find for Plaintiff, and go on to consider the question of damages.

If on the other hand, you find that Plaintiff did not prove this element by a preponderance

of the evidence, then you must find for that Defendant and you will not consider the question of

damages.

Proposed Instruction No. 23_.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE,

DUPLICATIVE AND INACCURATE STATEMENT OF LAW.

### 7.22 Claim for Failure of "Bystander" Officer to Intervene Elements (revised)

To succeed on her failure to intervene claim against Defendant Clifford, Sutton, Dixon, or Rogers, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Glenn Evans used unreasonable force on Plaintiff.

2. That the particular Defendant knew that Glenn Evans was using unreasonable force on Plaintiff.

3. That the particular Defendant had a realistic opportunity to do something to prevent harm from occurring.

4. That the particular Defendant failed to take reasonable steps to prevent harm from occurring.

5. That the particular Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a particular defendant, then you must find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove ay one of these things by a preponderance of the evidence against a particular Defendant, then you should find for that Defendant, and you will not consider the question of damages.

Proposed Instruction No. 24.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE AND INACCURATE STATEMENT OF LAW.

**7.24 Liability of Municipality (revised)**

If you find that Plaintiff has proved a constitutional violation by a preponderance of the evidence against at least one Defendant, you must consider whether the City of Chicago is also liable to Plaintiff. The City of Chicago is not responsibility because it employed Glenn Evans Dennis Clifford, Rosilynn Sutton, Connie Dixon, or Kevin Rogers.

To succeed on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Unreasonable force was used on Plaintiff.

2. At that time, the City of Chicago had a policy of failing to adequately investigate and/or discipline its officers and/or of a police code of silence The term policy means:

   - A decision or policy statement made by Mayor Rahm Emanuel, who is a policy-making official of the City of Chicago.

   - A custom of failing to adequately investigate and/or discipline its officers and/or of a police code of silence that is persistent and widespread, so that it is the City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

3. The policy as described in paragraph 2 caused unreasonable force to be used on Plaintiff.

Proposed Instruction No. 25

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE AND
INACCURATE STATEMENT OF LAW.

### 1.32 Selection of Presiding Juror

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your residing juror will fill in and date the appropriate form, and all of you will sign in.

Proposed Instruction No. 26.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.32 (2009) (modified).

**1.33 Communication with Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Proposed Instruction No. 27.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.33 (2009) (modified).

## 1.34 Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views ad change your opinions if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are the impartial judges of the facts.

Proposed Instruction No. 28.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.34 (2009) (modified).

## 2.01. Cautionary Instruction Before Recess

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Proposed Instruction No. 29.

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

**7.23 Damages: Compensatory**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of the failure to protect her from an assault by other detainees. These are called "compensatory damages."

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of damages, and no others:

- The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received; and

- The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Proposed Instruction No. 30.

_____Agreed

_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 7.23 (2009) (modified).


DEFENDANTS OBJECT TO THIS INSTRUCTION AS BEING INCOMPLETE.

### 7.24 DAMAGES PUNITIVE

If you find for Plaintiff and against any Defendant, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of punitive damages, you should consider the following factors:

- The reprehensibility of Defendant's conduct;

- The impact of Defendant's conduct on Plaintiff;

- The relationship between Plaintiff and Defendant;

- The likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Proposed Instruction No. 31.

_____Given
_____Rejected
_____Withdrawn
_____Objected to

*Source:* Modified *Seventh Circuit Pattern Jury Instruction 7.24*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rita King,                                    )
                                              )
                    Plaintiff,                )     No. 13 C 1937
                                              )
            -vs-                              )     Judge Bucklo
                                              )
Glenn Evans, et al.,                          )
                                              )
                    Defendants.               )
                                              )

**VERDICT FORM**

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, Glenn Evans.

                                        For Plaintiff                For Defendant

                                        _____     _____

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, Dennis Clifford.

                                        For Plaintiff                For Defendant

                                        _____     _____

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, Rosilynn Sutton

                                        For Plaintiff                For Defendant

                                        _____     _____

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, Connie Dixon.

                                        For Plaintiff                For Defendant

                                        _____     _____

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, Kevin Rodgers.

For Plaintiff   For Defendant

_____  _____

We, the jury, find as follows on the claim of the Plaintiff, Rita King, against defendant, City of Chicago .

For Plaintiff   For Defendant

_____  _____

## COMPENSATORY DAMAGES

(Complete this section only if you have found in favor of Plaintiff)

We award Plaintiff compensatory damages in the amount of: $_____.

(Complete this section only if you have found in favor of Plaintiff and against Defendant)

## PUNITIVE DAMAGES

We, the jury, find as to punitive damages, for Plaintiff and against Defendant Glenn Evans in the following amount: $_____.

We, the jury, find as to punitive damages, for Plaintiff and against Defendant Dennis Clifford in the following amount: $_____.

We, the jury, find as to punitive damages, for Plaintiff and against Defendant Rosilynn Sutton in the following amount: $_____.

We, the jury, find as to punitive damages, for Plaintiff and against Defendant Connie Dixon in the following amount: $_____.

We, the jury, find as to punitive damages, for Plaintiff and against Defendant Kevin Rogers in the following amount: $_____.

Please sign and date the form below:

_____

Presiding juror

_____    _____

_____    _____

_____    _____

_____               _____

Dated: _____, 2017


Proposed Verdict Form

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Plaintiff's Proposed Verdict Form


DEFENDANTS OBJECT TO THE VERDICT FORM AS BEING CONFUSING AND
INCOMPLETE.

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

      In this case, one of the defendants is the City of Chicago. All parties are equal before the law. The City of Chicago is entitled to the same fair consideration that you would give to any individual person.

*Source*: Seventh Circuit Pattern Jury Instruction 1.03

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

Plaintiff's Position: No objection.

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

You have heard evidence that Rita King has been convicted of a crime. You may consider this evidence only in deciding whether Rita King's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*Source*: Seventh Circuit Pattern Jury Instruction 1.15

DEFENDANTS' PROPOSED JURY INSTRUCTION NO.2

Plaintiff's Position: Objection FRE 609(b)

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

You have heard Dr. Charles Weingarten and Commander Michael Hyams give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

*Source*: Seventh Circuit Pattern Jury Instruction 1.21

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

Plaintiff's position: no objection.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

Certain photographs of the lockup and processing area of the police station have been shown to you. Those photographs are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

*Source*: Seventh Circuit Pattern Jury Instruction 1.24

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

Plaintiff's position: Defendants have not produced these demonstrative exhibits to plaintiff. Therefore, plaintiff is unable to formulate a position on this proposed instruction.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

You must give separate consideration to each claim and each party in the case. Although there are six defendants, it does not follow that if one defendant is liable, the other defendants are also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants, or only as to other claims.

*Source*: Seventh Circuit Pattern Jury Instruction 1.25 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

Plaintiff's Position: Redundant with plaintiff's proposed instruction No. 16.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

*Source*: Seventh Circuit Pattern Jury Instruction 1.31

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

Plaintiff's Position:    Objection. Not an accurate statement of the law to the facts of this case. Plaintiff only needs to prove one individual defendant was liable to recover damages in this case.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

In this case, Plaintiff claims that Defendants Evans, Clifford, Sutton, Dixon or Rogers used excessive force against her. To succeed on this claim, Plaintiff must prove each of the following thing by a preponderance of the evidence:

    1.      Defendants used unreasonable force against Plaintiff;

If you find that Plaintiff has proved this thing by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this thing by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

*Source*: Seventh Circuit Pattern Jury Instruction 7.09 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

Plaintiff's Position: Objection. Plaintiff proposes instructions 20-23 which track the proposed Seventh Circuit Instruction 7.09.

\_\_\_ Objection

\_\_\_ Agreed

\_\_\_ Given

\_\_\_ Given as Modified

\_\_\_ Refused

\_\_\_ Withdrawn

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of plaintiff's injury, any efforts made by the Defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officers, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

*Source*: Seventh Circuit Pattern Jury Instruction 7.10 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

Plaintiff's Position: Objection. 7.09 is being replaced with revised instruction 7.10. Therefore, plaintiff objects to using this instruction and proposed plaintiff's instruction 21.

\_\_\_ Objection

\_\_\_ Agreed

\_\_\_ Given

\_\_\_ Given as Modified

\_\_\_ Refused

\_\_\_ Withdrawn

To succeed on her failure to intervene claim against Defendant Clifford, Sutton, Dixon or Rogers, Plaintiff must prove each of the following five elements by a preponderance of the evidence:

1.      Defendants used excessive force on Plaintiff;

2.      Defendant knew that Defendant Evans was/was about to use excessive force on Plaintiff;

3.      Defendant had a realistic opportunity to do something to prevent harm from occurring;

4.      Defendant failed to take reasonable steps to prevent the harm from occurring;

5.      Defendant's failure to act caused Plaintiff to suffer harm.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you should decide for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendants, and you will not consider the question of damages.

*Source*: Seventh Circuit Pattern Jury Instruction 7.22 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

Plaintiff's Position: Objection, defendants propose using the old pattern instruction. Proposed instruction 7.22 is the current language for a failure to intervene. Plaintiff proposes instruction 24 as alternative.

\_\_\_ Objection

\_\_\_ Agreed

\_\_\_ Given

\_\_\_ Given as Modified

\_\_\_ Refused

\_\_\_ Withdrawn

       If you find that a plaintiff has proved any of his or her claims against one or more of the defendant officers for excessive force by a preponderance of the evidence, you must consider whether the City is also liable to the plaintiff. Under federal law, Defendant City of Chicago is liable to Plaintiff only for deliberate action attributable to the municipality itself. The City is not responsible simply because it employed the defendant officers at the time one or more of them allegedly violated Plaintiff's Fourth Amendment Rights through the use of excessive force.

Source: Seventh Circuit Pattern Jury Instruction 7.19 (modified); Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

Plaintiff's position: Objection to the use of "excessive force." The proposed revised instruction use the term "unreasonable force." In addition, plaintiff objects because proposed revised instruction 7.24 includes pattern language for this instruction. Therefore, plaintiff proposes instruction 25.

\_\_\_ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

Plaintiff claims that the City of Chicago had one or more official practices that caused the violation of plaintiff's rights under the United States Constitution, as described in plaintiff's excessive force claims against the defendant officers.

To succeed on this claim, the plaintiff whose claim you are considering must prove each of the following things by a preponderance of the evidence:

1.    One or more of the defendant officers used excessive force against plaintiff.

2.    At the time, the City of Chicago had one or more of the following official practices, as that term is defined in the paragraph below:

 a. Chicago Police officers who frequently receive citizen complaints, like Evans, remain employed with the department;

b. Chicago Police officers, like Evans, are not disciplined or provided remedial supervision;

c. Subordinates within the department are aware supervisors, like Evans, are not disciplined for the use of excessive force;

d. Chicago Police officers fail to document the application of force by department members;

e. Chicago Police officers know IPRA fails to meaningfully investigate allegations of misconduct; and/or,

f. Certain police officers, like Evans, are routinely called on by members of the department to engage in unlawful force.

An official practice is defined as a common practice that is so wide-spread, permanent, and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy. A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as Plaintiff proves that the City was "deliberately indifferent" to the pattern, meaning that the City Council knew or should have known of the pattern and allowed it to continue. Deliberate indifference is more than negligence.  Failing to eliminate a practice cannot be equated to approving it.  It requires a deliberate or conscious choice to turn a "blind eye" to the defective practice.  If the City took reasonable measures to respond to the deficient pattern or practice, then it was not deliberately indifferent, even if the plaintiff was ultimately harmed.

3.    The custom as described above in paragraph 2 was the moving force, causing one or more of the defendant officers to use excessive force against plaintiff.  A mere probability that this policy or practice caused the violation of plaintiff's  constitutional rights

is insufficient. Rather, Plaintiff must show that the policy or practice was a direct cause of the constitutional violation.

If you find that a plaintiff has proved each of these three things by a preponderance of the evidence, then you should find for that plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that a plaintiff did not prove any one of these three things by a preponderance of the evidence, then you should find for defendant, and you will not consider the question of damages.

Source: Seventh Circuit Proposed Revised Pattern Instruction No. 7.24 (modified); *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407-408 (1997) (plaintiff must show that "municipal action was taken with 'deliberate indifference' as to is known or obvious consequences . . . A showing of simple or even heightened negligence will not suffice," citing also *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989); *accord Connick v. Thompson*, 131, S. Ct. 1350, 1359-60 (2011) (city policy makers must have actual or constructive notice that a practice causes city employees to violate citizens' rights); Lawrence v. Kenosha County, 391 F.3d 837, 844 (7th Circuit 2002); *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Vodak v. City of Chicago*, 639 F.3d 738, 749 (7th Cir. 2011); *see* Committee Comment c. to Proposed Revised Pattern Instruction No. 7.24 ("[d]etermination of whether a particular official is a policymaker for purposes of Monell liability is an issue for the court, not the jury."), *citing Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 675-76 (7th Cir. 2009).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

Plaintiff's Position: This instruction substantially deviates from proposed instruction 7.25. Plaintiff proposes instruction 25.

\_\_\_ Objection

\_\_\_ Agreed

\_\_\_ Given

\_\_\_ Given as Modified

\_\_\_ Refused

\_\_\_ Withdrawn

If you find that Plaintiff has proved any of her claims against any of the Defendants, then you must determine what amount of damages, if any, that Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

*Source*: Seventh Circuit Pattern Jury Instruction 7.22

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

Plaintiff's Position: This instruction is redundant. Throughout all proposed instruction this language is included.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained as a direct result of the violation of her constitutional rights.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering, has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

If you find in favor of Plaintiff, but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

*Source*: Seventh Circuit Pattern Jury Instruction 7.26 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

Plaintiff's position: Objection because plaintiff may also recover for value of medical care and therefore this instruction in incomplete. Plaintiff proposes instruction 30.

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the individual Defendants. The purposes of punitive damages are to punish a D efendant for his o r h e r conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the individual Defendant you are considering. You may assess punitive damages only if you find that Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Source*: Seventh Circuit Pattern Jury Instruction 7.28 (2017)

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

___ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

Plaintiff's position: Objection. This instruction is not complete and omits factors, such as financial condition, that may be considered. Plaintiff proposes instruction 31.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*Source*: Seventh Circuit Pattern Jury Instruction 1.01

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

Plaintiff's Position:  no objection

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

*Source*: Seventh Circuit Pattern Jury Instruction 1.04

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

Plaintiff's Position: no objection

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

**NO ADDITIONAL COMPENSATORY DAMAGES AGAINST CITY**

If you find that both one or more individual Defendants and the Defendant City of Chicago are

liable to Plaintiff under federal law, Plaintiff is not entitled to recover any additional

compensatory damages just because he has prevailed against the City on his federal claim against

it.

Authority:

*Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985)

DEFENDANTS PROPOSED JURY INSTRUCTION NO. 17

Plaintiff's Position: no objection.

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

## NO PUNITIVE DAMAGES AGAINST CITY OF CHICAGO

Punitive damages are not available against Defendant City of Chicago.

DEFENDANTS PROPOSED JURY INSTRUCTION NO. 18

Plaintiff's Position:  No objection.

__ Objection

___ Agreed

___ Given

___ Given as Modified

___ Refused

___ Withdrawn

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RITA KING,** | ) | |
| **Plaintiff,** | ) | **No. 13 C 1937** |
| | ) | |
| **vs.** | ) | **Judge Bucklo** |
| | ) | |
| **CITY OF CHICAGO et al.,** | ) | **Magistrate Judge Gilbert** |
| | ) | |
| **Defendants.** | ) | **Jury Demand** |

**VERDICT FORM**

**WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:**

**PART I.**

**(1) Plaintiff's Excessive Force Claims:**

**As to Plaintiff's excessive force claim against Defendant Glenn Evans:**

**For Plaintiff _____ For Defendant Evans _____**

**As to Plaintiff's excessive force claim against Defendant Dennis Clifford:**

**For Plaintiff _____ For Defendant Clifford _____**

**As to Plaintiff's excessive force claim against Defendant Rosilyn Sutton:**

**For Plaintiff _____ For Defendant Sutton _____**

**As to Plaintiff's excessive force claim against Defendant Connie Dixon:**

**For Plaintiff _____ For Defendant Dixon _____**

**As to Plaintiff's excessive force claim against Defendant Kevin Rogers:**

**For Plaintiff _____ For Defendant Rogers _____**

**If you have found in favor of Plaintiff on any of his excessive force claims against any one of the the individual Defendants, above, then you must proceed to, and consider, Plaintiff's policy claim against the City of Chicago in subsection (2) below, and then proceed to subsection (3), as well, for Plaintiff's claims for Failure to Intervene. Otherwise, you may not consider those claims, and you should proceed to PART V, below, and do not assess damages.**

**(2) Plaintiff's Policy Claim**

**As to Plaintiff's policy claim against Defendant City of Chicago:**

**For Plaintiff _____ For Defendant City _____**

**If you find in favor of the Plaintiff and against the Defendant City of Chicago on Plaintiff's claim against the City, you are to also answer the attached three Written Questions as a unanimous jury.**

**(3) Plaintiff's Failure to Intervene Claims:**

**As to Plaintiff's failure to intervene claim against Defendant Dennis Clifford:**

**For Plaintiff _____ For Defendant Clifford _____**

**As to Plaintiff's failure to intervene claim against Defendant Rosilyn Sutton:**

**For Plaintiff _____ For Defendant Sutton _____**

**As to Plaintiff's failure to intervene claim against Defendant Connie Dixon:**

**For Plaintiff _____ For Defendant Dixon _____**

**As to Plaintiff's failure to intervene claim against Defendant Kevin Rogers:**

**For Plaintiff _____ For Defendant Rogers _____**

**For Plaintiff _____ For Defendant _____ _____**

**If you have found for Plaintiff against any Defendants in this Part I, then proceed to Part II to determine compensatory damages. If you have found in favor of all Defendants on all claims, then proceed to Part V and do not assess damages.**

**PART II**

**Plaintiff is awarded $_____ in compensatory damages.**

**If you awarded compensatory damages to Plaintiff, please continue to Part III.**

**PART III**

**If you have found for Plaintiff and against any one of the Individual Defendants, you can, but are not required to, assess punitive damages against that Individual Defendant. Do you find an award of punitive damages is appropriate in this case?**

**YES _____ NO _____**

**If you answered "yes" to Part III, please continue to Part IV. Otherwise, proceed to Part V.**

**PART IV**

**(If you found for the Plaintiff on any of the above claims against an individual officer defendant, then you may also award punitive damages against that individual officer defendant. You are not required to award punitive damages. You may award punitive damages against an individual officer Defendant only if you found against that particular officer Defendant in at least one of the above claims against that officer Defendant.)**

**Amount of punitive damages, if any, for Plaintiff and against Defendant Glenn Evans in the following amount: $_____.**

**Amount of punitive damages, if any, for Plaintiff and against Defendant Dennis Clifford in the following amount: $_____.**

**Amount of punitive damages, if any, for Plaintiff and against Defendant Rosilynn Sutton in the following amount: $_____.**

**Amount of punitive damages, if any, for Plaintiff and against Defendant Connie Dixon in the following amount: $_____.**

**Amount of punitive damages, if any, for Plaintiff and against Defendant Kevin Rogers in the following amount: $_____.**

**Part V**

**Please Answer the three attached Written Questions, if applicable, and then sign and date the form below (each Juror must sign the form):**

_____

**Presiding juror**

_____

_____

_____

_____

_____

_____

_____

**Dated: \_\_\_\_\_, 2018**

Plaintiff's position: plaintiff proposes her verdict form.

**DEFENDANT CITY OF CHICAGO'S PROPOSED WRITTEN QUESTION NO. 1**

If you find in favor of the Plaintiff and against the Defendnat City of Chicago on Plaintiff's claim against the City, please identify below which of the following customs, if any, do you find Plaintiff has proven by a preponderance of the evidence were persistent and widespread enough to that they could be considered the City's official operating procedure?

    a. Chicago Police officers who frequently receive citizen complaints, like Evans, remain employed with the department;

    b. Chicago Police officers, like Evans, are not disciplined or provided remedial supervision;

    c. Subordinates within the department are aware supervisors, like Evans, are not disciplined for the use of excessive force;

    d. Chicago Police officers fail to document the application of force by department members;

    e. Chicago Police officers know IPRA fails to meaningfully investigate allegations of misconduct; and/or,

    f. Certain police officers, like Evans, are routinely called on by members of the department to engage in unlawful force

Answer (identify by letter):

    _____

Plaintiff's position: Objection. This question is unnecessary given plaintiff's proposed issue instruction.

**DEFENDANT CITY OF CHICAGO'S PROPOSED WRITTEN QUESTION NO. 2**

If you find in favor of the Plaintiff and against the Defendant City of Chicago on Plaintiff's claim against the City, of the policies identified in response to Written Question No. 1, which, if any, did Plaintiff prove by the preponderance of the evidence that the City of Chicago City Council, as the final policymaker of Defendant City of Chicago, was deliberately indifferent to such alleged persistent and widespread practice?

Answer (identify by letter):

_____

Sources: Fed. R. Civ. P. 49; *Board of County Commissioners of Bryan County, Okla. Brown*, 520 U.S. 397, 407 (1997)(plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "deliberate indifference as to its known or obvious consequences"; *Vodak v. City of Chicago*, 639 F.3d 738, 747-48 (7th Cir. 2011)("A person who wants to impose liability on a municipality for a constitutional tort must show that the tort was committed (that is, authorized or directed) at the policymaking level of government";"[t]he question is whether …the decision-maker was at the apex of authority for the action in question"); *McMillian v. Monroe County*, 520 U.S. 781, 785 (1997)("our cases on the liability of local governments under Section 1983 instruct us to ask whether governmental officials are final policy-makers for the local government in a particular area, or on a particular issue").

Plaintiff's position: Objection. This question is unnecessary given plaintiff's proposed issue instruction.

**DEFENDANT CITY OF CHICAGO'S PROPOSED WRITTEN QUESTION NO. 3**

If you find in favor of the Plaintiff and against Defendant City of Chicago on Plaintiff's claim against the City, of the policies identified in response to Written Question No. 1, which, if any, did plaintiff prove by the preponderance of the evidence that such alleged persistent and widespread practice was the proximate cause of, or moving force behind, the violation of Plaintiff's constitutional rights?

Answer (identify by letter):

_____

Sources: Fed. R. Civ. P. 49; *Board of County Commissioners of Bryan County, Okla. Brown*, 520 U.S. 397, 404 (1997)(a Section 1983 plaintiff "must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.").

Plaintiff's position: Objection. This question is unnecessary given plaintiff's proposed issue instruction.

_____
Hon. Elaine E. Bucklo
United States District Judge

Date:_____

| /s/ Patrick W. Morrissey | /s/ Kenneth Battle |
|---|---|
| Patrick W. Morrissey<br>Thomas G. Morrissey<br>Thomas G. Morrissey, Ltd.<br>10150 S. Western Ave., Suite Rear<br>Chicago, Illinois 60643<br>(773) 233-7900<br>patrickmorrissey1920@gmail.com<br>tgmorrisseylaw@gmail.com<br><br>*Attorneys for Plaintiff* | Kenneth Battle<br>William Bazarek<br>Winnefred Monu<br>Hickey, O'Connor & Battle, LLP<br>20 N. Clark St., Suite 1600<br>Chicago, IL 60602<br>(312) 422-9400<br>kbattle@hoblawfirm.com<br>wbazarek@hoblawfirm.com<br>wmonu@hoblawfirm.com<br><br>*Attorneys for Defendant Glenn Evans* |
| /s/ Jonathan Green | /s/ Tiffany Harris |
| Jonathan Green<br>Raoul Mowatt<br>Carla Kupe-Arion<br>Gregory Beck<br>City of Chicago Law Department<br>30 N. LaSalle St., Suite 900<br>Chicago, Illinois 60602<br>(312) 744-0226<br>Jonathan.Green@cityofchicago.org<br>Raoul.Mowatt@cityofchicago.org<br>Carla.KupeArion@cityofchicago.org<br>Gregory.Beck@cityofchicago.org<br><br>*Attorneys for Defendant City of Chicago* | Tiffany Harris<br>Anna Walker<br>City of Chicago Law Department<br>30 N. LaSalle St., Suite 900<br>Chicago, Illinois 60602<br>(312) 744-7684<br>Tiffany.Harris@cityofchicago.org<br>anna.walker@cityofchicago.org<br><br>*Attorneys for Defendants Dennis Clifford, Rosilynn Sutton, Connie Dixon, and Kevin Rogers* |