**EXHIBIT A**

```
 1              IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   KELLY FUERY, DEBRA SCIORTINO, and   )  No. 07 C 5428
     NICOLE TOMASKOVIC,                  )
 4                                       )
                             Plaintiffs, )
 5                                       )
                    vs.                  )  Chicago, Illinois
 6                                       )
     CITY OF CHICAGO, a municipal        )
 7   corporation, OFFICER WILLIAM SZURA, )
     in his individual capacity, SENIOR  )
 8   MASTER SERGEANT STUART WEYFORTH, in )
     his individual capacity, SERGEANT   )
 9   MILOSLAVICH, in his individual      )
     capacity, and STATE TROOPER ARAGONES,)
10   in his individual capacity,         )
                                         )  February 16, 2016
11                           Defendants. )  9:30 a.m.

12                   TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE SARA L. ELLIS
13
     APPEARANCES:
14
     For the Plaintiffs:      MS. DANA L. KURTZ
15                            (Kurtz Law Offices, Ltd.,
                               32 Blaine Street,
16                             Hinsdale, Illinois  60521)

17   For the Defendants:      MR. TIMOTHY P. SCAHILL
                              (Borkan & Scahill, Ltd.,
18                             Two First National Plaza,
                               20 South Clark Street, Suite 1700,
19                             Chicago, Illinois  60603)

20                            MR. JAMES E. THOMPSON
                              (Joseph V. Roddy & Associates,
21                             77 West Washington Street, 11th Floor,
                               Chicago, Illinois  60602)
22
                              MS. SHIRLEY R. CALLOWAY
23                            MS. JESSICA M. SCHELLER
                              (Illinois Attorney General's Office,
24                             100 West Randolph Street, 13th Floor,
                               Chicago, Illinois  60601)
25
                    PATRICK J. MULLEN, Official Court Reporter
```

1           THE CLERK:  2007 C 5428, Fuery versus City of Chicago.

2           MR. THOMPSON:  Good morning, Your Honor.  Jim Thompson

3    for defendant Szura.

4           MR. SCAHILL:  Good morning, Your Honor.  Timothy

5    Scahill on behalf of the City of Chicago.

6           MS. KURTZ:  Good morning, Your Honor.  Dana Kurtz on

7    behalf of the plaintiffs.

8           MS. CALLOWAY:  Good morning, Your Honor.  Shirley

9    Calloway for the ISP defendants.

10          MS. SCHELLER:  Good morning, Your Honor.  Jessica

11   Scheller also on behalf of the ISP defendants.

12          THE COURT:  All right.  Good morning.  So we are here

13   on plaintiffs' motion to compel the deposition of Mayor

14   Emanuel.  This motion could be denied for a variety of reasons,

15   the first of which is that it fails to comply with the Court's

16   standing order regarding discovery motions and motions to

17   compel.

18          So, Ms. Kurtz, you've been litigating with me long

19   enough, right?

20          MS. KURTZ:  Yes, Your Honor.

21          THE COURT:  So to look at just the basics of the

22   standing order on the website, motions to compel are supposed

23   to be joint motions.

24          MS. KURTZ:  I did.  I apologize, Your Honor.  I did

25   meet and confer with Mr. Scahill, sent him e-mails regarding

1    our request to see if we could work it out.  So I did do that,

2    and it didn't seem --

3            THE COURT:  But that's not --

4            MS. KURTZ:  I'm sorry.

5            THE COURT:  What you filed is not what I require to be

6    filed for motions to compel.

7            MS. KURTZ:  Understood, Your Honor, and I apologize.

8            THE COURT:  All right.  So that's one basis for

9    denying this motion.  Another basis for denying the motion is

10   that discovery is closed, and discovery closed in this case on

11   December 21st, 2012, according to docket 215.  So why you'd be

12   seeking to depose anybody after discovery is closed without

13   first filing something to reopen discovery is just not

14   appropriate.  So that's another reason why this motion is

15   denied.

16           Additionally, turning to the substance of the motion,

17   this would be an Apex deposition.  There's nothing in your

18   motion where you describe that you have taken the deposition of

19   other people lower down in the organization who have not been

20   able to answer questions on this topic and have basically said

21   that the only person who knows this information is the person

22   at the top of the organization, which is the mayor.  There's

23   nothing in your motion that discusses that.

24           In order to take an Apex deposition, you have to go

25   through all of those steps to discuss in your motion what

1   you've done, what information you've gotten and why this person

2   is the only person who can give you the information that you

3   seek.  You didn't do that in your motion, and in order to take

4   an Apex deposition the Seventh Circuit requires that you go

5   through all those steps and say:  This is the only person who

6   can answer these questions and give this information.  I have

7   sent interrogatories, and the interrogatory answers are

8   insufficient.  I have looked for documents, and the documents

9   are insufficient.  So this is the only way that I can get this

10  information, by doing this deposition.

11          That's not -- you haven't laid that out in your

12  motion.

13          Then finally, Mayor Emanuel was not the mayor during

14  the events in question.  Judge Hibbler did limit the Monell

15  time frame to, I believe, from 2007 to 2009.  He was not the

16  mayor then, so he would not have either the institutional or

17  personal knowledge to testify to the subject matter under the

18  Monell claim of any code of silence during that time period.

19  Whatever he would have to say, not being the mayor and not

20  making those decisions at that time nor being the final

21  decision maker at that time, it wouldn't be appropriate to

22  depose him on that basis.

23          For all of those reasons the -- plus the fact that

24  there are outstanding post-trial motions, I haven't ruled on

25  them yet.  I'm ruling on them May 18th.  So we don't even know

1   what claims are going to be here and what claims aren't going

2   to be here.  So it wouldn't be appropriate to take the

3   deposition on that basis, either.

4           So for all of those reasons the motion is denied.

5           MS. KURTZ:  Your Honor, if I could respond just

6   briefly to the third, fourth, and fifth point, on the Apex

7   deposition or the Apex issue, you know, based on the fact that

8   it's the mayor's admissions and his statements as to the custom

9   and practice of excessive force in the City of Chicago, I think

10  that's important.

11          On the fourth point as to Judge Hibbler's indication

12  of the 2007-2009 time frame, I believe that's based on the

13  protective order that was worked out between the city and the

14  plaintiffs as to that time frame.  I don't know that there's a

15  specific order limiting Monell issues to that specific time

16  frame, and there is Seventh Circuit case law that you can go

17  prior to and after on a Monell issue.

18          As to the outstanding post-trial motions, we had

19  intended on filing a motion for summary judgment on the Monell

20  claim based on collateral estoppel and the mayor's admission.

21  It sounds like from your indication on the post-trial motions

22  that you would prefer that we wait.

23          THE COURT:  You're going to need to wait on that.

24          MS. KURTZ:  That's fine.

25          THE COURT:  Frankly, whatever the mayor said in a news

1    conference regarding a shooting that happens in 2014, that has

2    no bearing on what was going on in 2007, right?

3         MS. KURTZ:  He did talk about 2007 to the present and

4    what's currently going on.  So he did in his speech talk about

5    issues that go back to 2007.  So that is why the -- you know,

6    in terms of an admission that the city has this custom and

7    practice of excessive force, that would be one basis for our

8    motion for summary judgment.  The other basis is collateral

9    estoppel based on other issues that I think have a very strong

10    basis.

11         You know, Your Honor, I think we all want resolution

12    of this case.  My clients want resolution.  I've reached out to

13    the city regarding settlement; no response.  We need to move

14    forward.  I understand waiting until May, but the concern is

15    after May we're going to --

16         THE COURT:  So let me stop you right there.

17         MS. KURTZ:  Yes.

18         THE COURT:  One of the issues in this case is what the

19    appropriate sanctions are going to be for misconduct that

20    occurred in this case, and I think we're putting the cart

21    before the horse when you're discussing resolving this case and

22    seeing what happens.  The misconduct that occurred in this case

23    was significant, and the consequences resulting from that

24    misconduct will be similarly significant.  So we're jumping the

25    gun in terms of talking about any outstanding claims that are

1   out there and resolving those claims, having a trial on those

2   claims or filing summary judgment motions on those claims,

3   because those claims may not be there if I decide that the

4   appropriate sanction is to strike the judgment that was entered

5   and find for the defendants on all claims.  That is something

6   that I am seriously considering based on the misconduct that

7   occurred.

8        So I haven't written anything yet, I haven't decided

9   anything yet, but that is something that I'm not shy about

10  telling you that I am seriously considering.  So I suggest you

11  don't file any motion for summary judgment.  I'm not going to

12  entertain a motion for summary judgment until I have resolved

13  the post-trial motions.

14       MS. KURTZ:  Your Honor, I do still have an obligation.

15  I understand your comments.  I do have an obligation to

16  represent my clients and Ms. Tomaskovic on those claims and

17  trying to getting resolution for her.  It's been a long time.

18  I understand the Court knows that as well, and I do appreciate

19  it.

20       THE COURT:  I do know that, and I know it has been a

21  long time for a variety of reasons.

22       MS. KURTZ:  Yes.

23       THE COURT:  Some of which rest solely with you.

24       MS. KURTZ:  And some of which as a result of my

25  husband's spinal cord injury which I know you're aware of.

1          THE COURT:  And that is not --

2          MS. KURTZ:  And I'm still -- sorry.

3          THE COURT:  That is not -- I mean, you know, your

4    husband's injury does not reflect on anybody, and that delay is

5    what it is.  That was a very tragic incident and a very tragic

6    delay, and that's not what I'm referring to.  So I understand

7    that you have clients to represent, but I will say that you

8    should have been thinking about your clients during the course

9    of the trial with some of the things that happened because that

10   was not the way to represent them.

11          So we'll have everybody back here on May 18th for

12   ruling on the post-trial motions.  The motion to compel is

13   denied, and the subpoena is quashed.

14          MS. KURTZ:  Thank you, Your Honor.

15          MR. SCAHILL:  Your Honor, with respect to the timing

16   of May 18th, I know that the docket at one point reflected May

17   8th.  I think it was a typo.  I just want to make sure that we

18   have correctly in the calendar.  I think May 8th is a Sunday.

19          THE COURT:  I've got May 18th in all my notes, so let

20   me look.

21      (Brief pause.)

22          THE COURT:  So docket 423 says May 18th, yes.  That

23   would be a Wednesday morning.  So I don't see May 8th anywhere

24   recently in the docket.

25          MR. SCAHILL:  I think the minute order, the original

```
1    minute order had a typo.  I just wanted to make sure that it's

2    on the calendar for the right date, and it looks like it is.

3              THE COURT:  Yes.

4              MR. SCAHILL:  So that's fine.

5              THE COURT:  Under docket 423, it's May 18th, and

6    that's what's in my notes as well.

7              MR. SCAHILL:  Okay.

8              THE COURT:  All right.

9              MS. KURTZ:  Thank you, Your Honor.

10             MR. SCAHILL:  Thank you, Your Honor.

11             MS. CALLOWAY:  Thank you, Your Honor.

12             MR. THOMPSON:  Thank you, Your Honor.

13        (Proceedings concluded.)

14

15                  C E R T I F I C A T E

16             I, Patrick J. Mullen, do hereby certify that the

17   foregoing is a complete, true, and accurate transcript of the

18   proceedings had in the above-entitled case before the Honorable

19   SARA L. ELLIS, one of the judges of said Court, at Chicago,

20   Illinois, on February 16, 2016.

21

22                           /S/ Patrick J. Mullen
                             Official Court Reporter
23                           United States District Court
                             Northern District of Illinois
24                           Eastern Division

25
```