**EXHIBIT B**

1   IN THE UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ILLINOIS
2           EASTERN DIVISION

3   AARON PATTERSON,                    )
                                        )
4              Plaintiff,               )
                                        )
5              vs.                      )   No. 03 C 4433
                                        )
6   JON BURGE, et al.,                  )   Chicago, Illinois
                                        )   December 16, 2004
7              Defendants.              )   9:30 a.m.

8           TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE JOAN B. GOTTSCHALL
9
    APPEARANCES:
10
    For the Plaintiff:          PEOPLE'S LAW OFFICES
11                              1180 North Milwaukee Avenue
                                Chicago, Illinois   60622
12                              BY: MR. G. FLINT TAYLOR, JR.
                                    MS. JOEY L. MOGUL
13

14
    For Defendants Devine
15  and Troy:                   COOK COUNTY STATE'S ATTORNEY
                                500 Richard J. Daley Center
16                              50 West Washington Street
                                Chicago, Illinois   60602
17                              BY: MR. LOUIS HEGEMAN

18

19

20

21
            COLETTE M. KUEMMETH, CSR, RMR
22              Official Court Reporter
              219 South Dearborn Street
23                    Room 1918
              Chicago, Illinois   60604
24                 (312) 554-8931

25

```
 1   APPEARANCES:  (Continued)

 2   For Defendants Hillard,
     Needham, and City of
 3   Chicago:                    DYKEMA, GOSSETT, ROOKS, PITTS
                                 10 South Wacker Drive
 4                               Suite 2300
                                 Chicago, Illinois  60606
 5                               BY:  MR. HARRY ARGER
                                      MR. TERRENCE M. BURNS
 6

 7   Defendants Martin
     and Shines:                 GREENE & LETTS
 8                               111 West Washington
                                 Suite 1650
 9                               Chicago, Illinois  60602
                                 BY:  MR. TERRY MILLER
10

11   ALSO PRESENT:               LOEVY & LOEVY
                                 312 North May Street
12                               Chicago, Illinois  60607
                                 BY:  MR. KURT H. FEUER
13
                                 HERVAS, SOTOS, CONDON & BERSANI
14                               333 Pierce Road
                                 P.O. Box  4109
15                               Itasca, Illinois  60143
                                 BY:  MR. JAMES G. SOTOS
16

17

18

19

20

21

22

23

24

25
```

1    (Proceedings heard in open court:)
2    THE CLERK: Case 2003 C 4433, Patterson versus
3 Burge, et al.
4    THE COURT: Names, please.
5    MR. TAYLOR: Good morning, Judge. Flint Taylor,
6 Joey Mogul for the plaintiff. Also Kurt Fuerer is here on
7 behalf of the Hobley plaintiffs.
8    MR. HEGEMAN: Louis Hegeman on behalf of State's
9 Attorney Devine and Assistant State's Attorney Troy.
10    MR. MILLER: Good morning, your Honor. Terry
11 Miller on behalf of defendant Leroy Martin and Gayle Shines.
12    MR. ARGER: Good morning, your Honor. Harry Arger
13 for the City of Chicago, Terry Hillard and Thomas Needham.
14    MR. BURNS: Good morning, your Honor. Terrence
15 Burns appearing on behalf of the City of Chicago, the movant
16 in this matter this morning, which is our motion to bar
17 discovery and trial on the Monelle claims that have been
18 raised against it.
19    I believe -- I'm sorry, Jim. I didn't see you
20 there.
21    MR. SOTOS: Good morning, your Honor. I'm Jim
22 Sotos, on behalf of the individual defendants in the Hobley
23 case.
24    THE COURT: Let me start with something else very
25 briefly, which is that I have been trying to get an order out

4

1   to you on the issue of the depositions of Mayor Daley and
2   State's Attorney Devine and the various lawyers, and I had
3   come to the conclusion, about two days ago or whenever, that
4   I don't feel the plaintiff has given me what I need to know
5   whether or not I should order these depositions.
6           Now, the cases I think strongly indicate that
7   normally depositions of officials like these officials, and I
8   would add to that lawyers -- because lawyers raise different
9   but I think equally difficult problems -- should not be
10  ordered unless there is good reason for it.
11          Now, I am not saying there is no good reason for
12  it, but the case has not been made for me, and I'm not going
13  to allow this to happen in this case unless I know exactly
14  why the people are being deposed and everybody else does,
15  too, and I have been convinced that there is some reason for
16  it apart from the huge publicity value of it.
17          So I was going to -- I don't know, grant the motion
18  for protective order, deny the motion to compel without
19  prejudice and ask the plaintiffs to come back again -- and
20  please do not tell me the whole history of the case; tell me
21  why you want to take these specific depositions. Otherwise I
22  am not going to allow it to go forward.
23          Now, the City's motion or whatever it is that -- is
24  it a motion that the City has now filed to admit --
25          MR. BURNS: Yes, it is, your Honor.

1  THE COURT:  -- the elements of Monelle liability to

2  avoid discovery and everything else I think just complicates,

3  or assists, or impedes or something this whole matter of

4  these depositions.

5  MR. BURNS:  Judge, so it's clear, in terms of

6  admission, what we're saying is that if the plaintiff

7  establishes a constitutional -- the plaintiffs, actually,

8  they establish a constitutional injury, we agree and accept

9  that and will satisfy that judgment.

10  So we forego the need for the practice, policy

11  discovery in these matters by accepting --

12  THE COURT:  You have to satisfy the judgment in

13  practical terms anyway.  So the question is --

14  MR. BURNS:  Compensatory, yes.

15  THE COURT:  -- whether there are elements of

16  liability here that are different or -- I mean, this is a

17  complicated matter, and I haven't gotten into it because I

18  thought you could all help me with it.  What I'm saying is --

19  let me think how we're going to deal with this.

20  What do the plaintiffs want to do?  Do you want to

21  respond in writing to this or what do you want to do?

22  MR. TAYLOR:  When I read this motion, it was deja

23  vu, because you denied basically the same motion 14 months

24  ago before --

25  THE COURT:  I don't think so.  I denied a motion to

```
 1  sever the Monelle discovery.  What's happening here is that
 2  the City is saying if you prove a constitutional violation by
 3  any of these individual employees we will admit -- what?
 4  That it was caused by our policy and practice?
 5          MR. BURNS:  No, Judge, what we're saying is simply
 6  if they establish the constitutional injury, we waive and
 7  will accept whatever compensatory damages would flow from
 8  that without the need to establish any policy or practice on
 9  behalf of the City of Chicago.
10          THE COURT:  That's much less than I thought was
11  happening.
12          MR. TAYLOR:  It nullifies Monelle, Judge.  If there
13  still is a Monelle claim under the Constitution and under
14  1983, then we have a right to proceed on it, and if they want
15  to -- excuse me.
16          THE COURT:  I think you need to tell me why that
17  is, okay?  I'm not sure that -- I think you need to tell me
18  why that is.  That's why I think you need to respond to this.
19          MR. TAYLOR:  Fine, Judge.
20          MR. FEUER:  On behalf of Hobley and Howard, Kurt
21  Fuerer.  For the record, I think we can give you a brief in
22  pretty short order on this.  Because I know Loevy and Loevy,
23  they routinely if not virtually in every case have a Monelle
24  component to every complaint, and the City of Chicago in
25  every case files either the motion to bifurcate that was
```

filed in all four of these consolidated cases at the outset, or they file the motion that's now before you. They've never done both, to my knowledge, but we do have -- we have briefed this issue before.

THE COURT: That would be helpful.

MR. FEUER: And I think the City is basically offering nothing here, other than what they're already obligated to do, which is to indemnify these officers.

THE COURT: I'll just say this. My clerk and I looked at Monelle again yesterday, and it didn't answer the question of whether the City's -- at least I couldn't find an answer, and if the City's exposure liability in a case like this is simply in terms of respondeat superior, that is to compensate for something an employee has done, or whether -- which I think would make this waiver not very significant in terms of discovery, there is a basis for independent liability against the City.

That's how -- without having done a lot of research, that's the question that comes to my mind.

MR. BURNS: There is a separate count, count 5, that deals with that issue that the City, based upon a Monelle claim, that any injuries as a result of a practice or policy by the City in this case.

What we are saying is if you establish your injury, the City accepts whatever judgment for compensatory damages

1  that would flow from that and satisfy it. We then focus on
2  the issue at hand, and that's the activity of the officers
3  and the --
4      THE COURT: Well, you file your brief, okay?
5      MR. BURNS: Very well, Judge.
6      THE COURT: I don't have time to hear an argument
7  this morning.
8      MR. BURNS: Very well, Judge.
9      THE COURT: Now, can I get -- I want this brief
10 from you. When can I get it from the plaintiffs?
11     MR. FEUER: I think we can do it --
12     MS. MOGUL: We can do it in 21 days, your Honor.
13     THE COURT: That's fine. Now at the same time, or
14 do you want to hold off on it, if you want to go forward with
15 these depositions, why don't -- you know what I think would
16 be most helpful, I hate to defer it, but I think that I need
17 to rule on the effect of this waiver before I ask you to tell
18 me why you think you get to take these depositions again.
19 Okay?
20     MR. BURNS: All right.
21     THE COURT: If you want to file something more
22 specific with me, tell me what you hope to get from the
23 mayor's deposition, or what subject matters you want to ask
24 the mayor about, I'll take it at any time, but if you want to
25 wait until I've ruled on the issue of this waiver, that's

1 fine, too.
2 MR. TAYLOR: I think we'll proceed to show why we
3 want those depositions.
4 THE COURT: Well, fine.
5 MR. TAYLOR: At least on the same track.
6 THE COURT: Their is granted without prejudice.
7 Your motion on the depositions is denied without prejudice.
8 Any time you want to file something else, you can file
9 something else. Let me get a brief on this waiver thing.
10 And to reply?
11 MR. BURNS: Fourteen days or seven days? Ten?
12 They want twenty-one, Judge.
13 MR. FEUER: I think I've convinced my fellow
14 counsel that we can get it in within fourteen days. Our
15 response to the pending brief.
16 THE COURT: What's that date, Rhonda?
17 THE CLERK: December 30th.
18 THE COURT: December 30th.
19 MR. BURNS: 14 days.
20 THE COURT: 14 days.
21 MR. FEUER: And Judge, on behalf of Hobley again, I
22 have a concern that this is in part a delaying tactic to get
23 an extension of discovery that Judge Brown did not grant last
24 week when that was argued before her. We basically have
25 until the end of January to notice up any discovery.

1    MR. BURNS: That's not the purpose of this, your
2 Honor.
3    THE COURT: I can't go here with you today. All
4 your accusations about why somebody else is doing what
5 they're going and what effect this is going to have on Judge
6 Brown, that's for Judge Brown.
7    MR. FEUER: I'm asking to make clear that your
8 order today does not preclude us from taking depositions that
9 have been previously noticed and scheduled but not yet taken.
10    THE COURT: It only relates to the depositions that
11 are the subject of the motion for a protective order.
12    MR. BURNS: Correct. We understand that.
13    THE COURT: Which is the mayor, the state's
14 attorney, what lawyers? A number of lawyers?
15    MR. FEUER: There are some corporate counsel, Mara
16 Georges and Sharon Baldwin.
17    THE COURT: Chief of staff?
18    MR. BURNS: Chief of staff
19    THE COURT: Okay. Nothing else.
20    MR. FEUER: That's all I wanted to make clear,
21 Judge, as long as we can proceed with all other depositions,
22 because we are basically at the end of discovery in the
23 Hobley case, and I don't want this to delay that.
24    MR. BURNS: Very well, your Honor.
25    THE COURT: Okay.

11

1     MR. BURNS: Thank you, your Honor.

2     (End of proceedings.)

3                  C E R T I F I C A T E

4

5     I certify that the foregoing is a correct transcript

6  from the record of proceedings in the above-entitled case on

7  December 16, 2004.

8

9

10

11  _____
       Court Reporter