# EXHIBIT D

```
 1                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   PATRICK DOYLE, DANIEL HOULIHAN,    )
     MICHAEL PADALINO, JOHN PIGOTT,     )
 4   EUSEBIO RAZO, VERONICA             )
     RODRIGUEZ, RICHARD SOTO, and       )
 5   CAROL WEINGART,                    )
                                        )
 6              Plaintiffs,             )
                                        )
 7        v.                            )   No. 12 CV 06377
                                        )
 8   THE CITY OF CHICAGO, BRIAN         )
     THOMPSON, individually, and        )
 9   TERRY HILLARD, individually,       )   Chicago, Illinois
                                        )   June 14, 2016
10              Defendants.             )   1:30 p.m.

11                           VOLUME 1-B
               TRANSCRIPT OF PROCEEDINGS - Jury Trial
12        BEFORE THE HONORABLE HARRY D. LEINENWEBER AND A JURY

13
     APPEARANCES:
14

15   For the Plaintiffs:        ED FOX & ASSOCIATES
                                BY:  MR. EDWARD M. FOX
16                                   MR. GARRETT BROWNE
                                     MR. JONATHAN R. KSIAZEK
17                              300 West Adams Street, Suite 330
                                Chicago, Illinois 60606
18
     For the Defendants:        MAYER BROWN, LLP
19                              BY:  MR. VINCENT J. CONNELLY
                                     MR. RICHARD E. NOWAK
20                                   MR. FRANK M. DICKERSON
                                     MR. CORWIN J. CARR
21                              71 South Wacker Drive
                                Chicago, Illinois 60606
22
     Court Reporter:            KRISTIN M. ASHENHURST, CSR, CRR, RDR
23                              Official Court Reporter
                                219 South Dearborn Street, Room 1918
24                              Chicago, Illinois 60604
                                (312) 818-6549
25                              kristin_ashenhurst@ilnd.uscourts.gov
```

```
 1        (Proceedings heard in open court.  Jury out.)
 2            THE COURT:  Please be seated.  Before we bring the
 3   jury in, before the Court is defendant's motion to quash the
 4   subpoena of Mayor Rahm Emanuel.  To compel the Mayor of Chicago
 5   to testify at trial, plaintiffs must demonstrate that there is
 6   a "real need" given the Mayor's busy schedule and important
 7   responsibilities.  See Olivieri vs. Rodriguez, Seventh Circuit.
 8   For their actions under 1981 and 1983, Plaintiffs must prove
 9   that the individual defendants removed them from the security
10   detail based on their race.  The mayor provided responses to
11   several interrogatories; in the responses he delegated security
12   detail decisions to Hillard; this is consistent with Hillard's
13   deposition testimony.  Emanuel further expressed to Hillard
14   that he wanted a small detail that reflected the diversity of
15   the city; this is also consistent with Hillard's deposition.
16   There is no basis to believe that the mayor would testify any
17   differently now, and he is not a defendant in the case.
18   Moreover, the plaintiffs must prove that the individual
19   defendants were personally involved in discriminatory hiring;
20   there is no basis for introducing evidence of a custom or
21   practice for a claim against the city.  So, therefore, any
22   testimony the mayor could give is only tangentially relevant to
23   the plaintiffs' burden.  The standard set forth in Olivieri --
24   that there be a "real need" before disrupting the schedule of
25   an important public official -- is not satisfied.  Plaintiffs
```

1  have what they need in the interrogatory responses.

2  The Court views the *Shakman* differently. This claim
3  is one against the city. Plaintiffs allege that the City,
4  through its agents, chose officers who were affiliated with the
5  mayor's campaign and promoted them based on their political
6  affiliation. There is evidence that Faulman, an assistant to
7  the mayor, sent a list of certain campaign volunteers for the
8  mayor and asked that those people be placed on a new detail.
9  The defendants point out that the mayor was not copied on the
10 email, and that there was no evidence he approved of it. In
11 an interrogatory response the mayor indicated, generally, that
12 he was not involved in requests to hire officers to his new
13 detail. Potential evidence -- for example, the mayor's
14 knowledge of this e-mail, any preference he may have had for
15 the campaign volunteers, any relevant conversations he may have
16 had with Faulman -- are directly relevant to the *Shakman* claim
17 against the City of Chicago. The mayor's testimony on the
18 subject as the City's chief officer is highly probative. The
19 interrogatory responses in this case do not suffice; plaintiffs
20 should be given a fair opportunity to prove their case, and
21 they have not had the opportunity to cross-examine Emanuel on
22 any of his responses. The Court is satisfied that there is a
23 "real need" for the testimony on the *Shakman* claims.

24 The motion to quash is granted in part and denied in
25 part. However, as far as the *Shakman* is concerned, it seems to

1  me that since that's a bench trial that he could be deposed,
2  not having to come into court. So just -- if I can find that
3  he is not available within the meaning of the Act and just
4  submit his deposition.
5      MR. FOX: Your Honor, the only problem with that is if
6  he can't make it because he has got, you know, conflicts, it is
7  what it is. But if not, it's difficult and expensive to have a
8  court reporter and a videographer do that and then turn it over
9  overnight, which is what --
10     THE COURT: Well, you don't have to have a
11  videographer. I mean, I can read t.
12     MR. FOX: It's difficult and expensive to have a court
13  reporter. We can do it that way, but it's difficult and
14  expensive to have a court reporter do it and turn it over
15  overnight, which is essentially what we have to do. Like I
16  say, if he has conflicts --
17     THE COURT: Work it out. You don't have to call him.
18  I mean, it seems to me that it's relevant enough on the Shakman
19  case that -- I suggest a deposition because I think that's far
20  less disruptive, can be taken anywhere that you choose and at
21  any time you choose, as long as it's done before the case is
22  over.
23     MR. FOX: We'll work it out.
24     THE COURT: All right. Are you ready for the jury?
25     MR. BROWNE: Yes.